622 So.2d 1098 (1993)
"X" Corporation, Appellant,
v.
"Y" Person, Appellee.
No. 92-03001.
District Court of Appeal of Florida, Second District.
August 6, 1993.
*1099 Peter D. Hooper of Peter D. Hooper, P.A., St. Petersburg, for appellant.
Robert E. Turffs of Kanetsky, Moore & DeBoer, P.A., Venice, for appellee.
PER CURIAM.
The appellant, "X" Corporation, challenges the trial court's order dismissing the first count of its complaint for declaratory relief. We agree with "X" Corporation that it stated a cause of action for declaratory relief, and therefore, we reverse that part of the trial court's order which dismissed count I with prejudice.
*1100 "X" Corporation filed an action for declaratory relief against one of its employees, "Y" Person, appellee, alleging in count I of the second amended complaint, inter alia, that it is in doubt as to its rights, duties, and responsibilities concerning section 760.50, Florida Statutes (1991), which prohibits discrimination by an employer on the basis of acquired immune deficiency syndrome (AIDS), acquired immune deficiency syndrome related complex, and human immunodeficiency virus (HIV). Section 760.50(3)(b) provides that no person may deprive an individual of employment opportunities or adversely affect his status as an employee or otherwise discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment on the basis of knowledge of HIV test results unless the absence of HIV infection is a bona fide occupational qualification of the job in question. Other subsections of section 760.50 place the burden on the employer to prove that testing is necessary to determine whether an employee will present a significant risk of transmitting HIV to other persons in the course of normal work activities and to prove that no reasonable accommodation can be made to prevent exposing other individuals to a significant possibility of being infected with HIV. § 760.50(3)(c), (4)(c).
"X" Corporation alleged that "Y" Person informed several coemployees that he had tested HIV positive and had AIDS, which had been confirmed through medical information acquired during these proceedings. The complaint also alleged that "Y" Person had demonstrated a violent personality concerning his revelation that he had AIDS, had threatened to bite and kiss several coworkers, and that a restraining order had been entered against him prohibiting him from intentionally biting and threatening to bite, or inflicting any other injury on his coworkers. Also, the complaint alleged that "Y" Person is essentially a blue collar worker constantly exposed to situations involving lacerations or cuts, simultaneously with other employees, which presents a significant risk and/or significant possibility of transmitting HIV in the normal work environment.
The complaint alleged that "X" Corporation had asked "Y" Person to voluntarily transfer to another position, without a loss of pay or benefits, which would reduce the risk of transmission of HIV, but that "Y" Person had refused. "X" Corporation alleged that it is in doubt as to its right to transfer "Y" Person without his consent, as well as its duty to protect coemployees from a foreseeable risk. "X" Corporation sought a declaration as to whether the absence of HIV is a bona fide occupational qualification of the job in question pursuant to section 760.50. A declaration was also requested as to whether "X" Corporation's recently implemented policy requiring all employees to wear cut resistant gloves and its desire to transfer "Y" Person to another position are "reasonable accommodations" pursuant to section 760.50. "X" Corporation further sought a declaration of its right to require periodic testing as a condition of employment under section 760.50.
"Y" Person filed a motion to dismiss the second amended complaint. The trial court concluded that the allegations in count I did not demonstrate a bona fide, actual, present, and practical need for declaration and, accordingly, dismissed this count for failure to state a cause of action for declaratory relief. "X" Corporation filed this timely appeal.
The goals of the Declaratory Judgment Act are to relieve litigants of the common law rule that a declaration of rights cannot be adjudicated unless a right has been violated and to render practical help in ending controversies which have not reached the stage where other legal relief is immediately available. Bell v. Associated Independents, Inc., 143 So.2d 904 (Fla. 2d DCA 1962). To operate within this sphere of anticipatory and preventative justice, the Declaratory Judgment Act should be liberally construed. Bell. See Rigby v. Liles, 505 So.2d 598 (Fla. 1st DCA 1987).
Upon a motion to dismiss based on insufficiency to state a cause of action for declaratory relief, all well pleaded allegations must be taken as true. Hialeah *1101 Race Course, Inc. v. Gulfstream Park Racing Ass'n, 210 So.2d 750 (Fla. 4th DCA 1968). The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all. Platt v. General Dev. Corp., 122 So.2d 48 (Fla. 2d DCA 1960), cert. dismissed, 129 So.2d 143 (Fla. 1961). Thus, to activate jurisdiction the party seeking a declaration must show that he is in doubt as to the existence or nonexistence of some right, status, immunity, power, or privilege and that he is entitled to have such doubt removed. Flagship Real Estate Corp. v. Flagship Banks, Inc., 374 So.2d 1020 (Fla. 2d DCA 1979); Hialeah Race Course. In this regard, the plaintiff must show a bona fide, actual, present, and practical need for the declaration. Platt, 122 So.2d at 50, citing May v. Holley, 59 So.2d 636 (Fla. 1952). The parties in this appeal contest whether "X" Corporation made this required showing.
Although "Y" Person correctly contends that a declaratory action is not available where the object of the action is to try disputed questions of fact as the determinative issue rather than to seek a construction of definite stated rights, status, or other relations, Wolf Sanitary Wiping Cloth, Inc. v. Wolf, 526 So.2d 702 (Fla. 3d DCA 1988), questions of fact may be determined in declaratory proceedings if necessary to a construction of legal rights. Prudential Property & Casualty Ins. Co. v. Castellano, 571 So.2d 598 (Fla. 2d DCA 1990), appeal after remand, Swindal v. Prudential Property & Casualty Ins. Co., 599 So.2d 1314 (Fla. 2d DCA 1992), approved by, 622 So.2d 467 (Fla. 1993). See Allstate Ins. Co. v. Conde, 595 So.2d 1005 (Fla. 5th DCA 1992); Travelers Ins. Co. v. Emery, 579 So.2d 798 (Fla. 1st DCA 1991). Accordingly, section 86.011(2), Florida Statutes (1991), specifically provides for declaratory judgments on the existence or nonexistence "of any fact" upon which a right, power, privilege, or immunity may depend. Castellano.
In accordance with section 86.021, Florida Statutes (1991), "X" Corporation has alleged that it is in doubt as to its rights, status, or legal relations arising under a statute, section 760.50. While factual issues may need to be resolved, such as whether a "significant risk" is present in this situation given the particular work environment or whether certain accommodations are "reasonable" within the meaning of section 760.50, any necessity for resolving these issues will be dependent on declaring the legal rights of the parties. The object of the instant action is to resolve the uncertainty of "X" Corporation's duty to "Y" Person under section 760.50 and its duty to other employees to provide a safe working environment given a known risk, which may include its uncertain right to transfer "Y" Person to another position without his approval. Based on the allegations in the complaint, the object of this action is not to resolve purely factual issues.
A declaratory proceeding is proper where litigation seems unavoidable. Platt, 122 So.2d at 50, citing Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808 (Fla. 1946). "X" Corporation faces potential liability based upon its duty to prevent foreseeable injury to its other employees because of its knowledge that "Y" Person has HIV and its belief that he poses a "significant risk" of transmitting the virus in his present work environment. On the other hand, "X" Corporation is also confronted with the potential liability created by section 760.50 if it transfers "Y" Person to another position to reduce the risk of transmission and thereby protect other employees. A judicial determination of the rights and duties alleged in the complaint will clarify the apparently conflicting duties placed upon "X" Corporation so that it may act, in accordance with section 760.50 and its common law duties, to settle the legal relations in issue. See Kingdon v. Walker, 156 So.2d 208, 211 (Fla. 2d DCA 1963), cert. denied, 165 So.2d 179 (Fla. 1964); Garner v. De Soto Ranch, Inc., 150 So.2d 493, 495 (Fla. 2d DCA), cert. dismissed, 156 So.2d 860 (Fla. 1963).
*1102 We do not believe the Declaratory Judgment Act is being used in this instance to foster frivolous or useless litigation, to satisfy idle curiosity or to answer abstract questions. See Ready. We conclude there is a bona fide, actual, present, and practical need for the declaration sought in count I. We, therefore, reverse that portion of the trial court's order dismissing count I of "X" Corporation's second amended complaint with prejudice and affirm all other aspects of the court's order.
Affirmed in part; reversed in part.
SCHOONOVER, A.C.J., and HALL and PATTERSON, JJ., concur.