PARKER, Acting Chief Judge.
Robert Francis, d/b/a Aero Marine Associates, and Sunshine Flight, Inc. (the lessees), appeal an order of the circuit court dismissing with prejudice their complaint against the City of St. Petersburg (the City). We affirm in part and reverse in part.
The lessees filed a second amended complaint alleging the following: (1) the lessees were fixed-based operators who leased space at an airport owned by the City; (2) the lessees and the City executed written lease agreements; (3) the lease agreements were subject to grant agreements entered into between the City and the United States Department of Transportation, Federal Aviation Administration (FAA); and (4) the City failed to apply an economic nondiseriminato-ry lease rate to the lessees as was required by the federal grant agreements.
Counts I through IV of the complaint alleged common law breach of contract. Counts V and VI were third-party beneficiary claims based upon the federal grant agreements executed between the City and the FAA. Counts VII and VIII were federal civil rights claims and Count IX was a declaratory judgment action.
The City filed a motion to dismiss the complaint asserting several grounds, including (1) lack of subject matter jurisdiction; (2) failure to state a cause of action; and (3) statute of limitations applying to some of the lease agreements. The trial court granted the City’s motion to dismiss the complaint without stating reasons for doing so. The trial court subsequently denied a motion for rehearing and/or clarification and dismissed the case with prejudice. We affirm the trial court’s dismissal of Counts V, VI, VII, and VIII without further comment. We reverse the dismissal of the remaining counts.
We agree with the lessees that the trial court should have permitted the lessees to attempt to amend their complaint as to Count III. The lessees alleged in Count III that one of the lease agreements specifically incorporated the noneconomic discrimination clause of the federal grant agreements. Although an unexecuted copy of that lease was attached to the complaint, we conclude that the lessees should be given an opportunity to amend in an attempt to attach an executed copy.
We also agree with the lessees that the court erred in dismissing Counts I, II, IV, and IX. In Count IX, the declaratory judgment count, the lessees alleged that the rental payments provisions contained in the lease agreements referenced in Counts I, II, III, and IV are in conflict with the noneco-nomic discrimination provision contained in the federal grant agreements which are incorporated by reference into the lease agreements. The lessees assert that the conflicting payments provisions create an ambiguity as to the rates the City may charge the lessees. Paragraph 16 contained in each of the lease agreements referenced in Counts I, II, III, and IV provides that the lease agreement “shall be subject and subordinate to the *151 provisions of any existing or future agreement between the LESSOR and the United States, or any agency thereof, relative to the operation or maintenance of the Airport.” (Emphasis added.) The lessees contend that this paragraph incorporates by reference all provisions of the grant agreements, including the noneconomic discrimination provision which prohibits the City from charging discriminatory lease rates. The City argues that that paragraph incorporates only one provision, Section C. 19, of the federal grant agreement, entitled “Operation and Maintenance.” (Emphasis added.) This provision requires the City to maintain and keep the airport open and operating subject to climatic and flood conditions. We conclude there remains a doubt as to whether the lease agreements referenced in Counts I, II, III, and IV incorporate the economic nondiscriminatory clause into the leases; therefore, the trial court erred in not ruling on the declaratory judgment action. Accordingly, we also reverse the dismissal of Counts I, II, III, IV, and IX.
As this court has stated:
Upon a motion to dismiss based on insufficiency to state a cause of action for declaratory relief, all well pleaded allegations must be taken as true. The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all. Thus, to activate jurisdiction the party seeking a declaration must show that he is in doubt as to the existence or nonexistence of some right, status, immunity, power, or privilege and that he is entitled to have such doubt removed. In this regard, the plaintiff must show a bona fide, actual, present, and practical need for the declaration.
“X” Corp. v. “Y” Person, 622 So.2d 1098, 1100-01 (Fla. 2d DCA 1993) (citations omitted).
We reverse the trial court’s dismissal of Counts I, II, III, TV, and IX, of the lessee’s second amended complaint and remand this case for further proceedings. We affirm the dismissal of Counts V through VIII.
Affirmed in part; reversed in part.
ALTENBERND and LAZZARA, JJ., concur.