677 So.2d 78 (1996)
CYN-CO, INC., d/b/a Mr. First Aid/Life & Safety Service Company, Appellant,
v.
Jan LANCTO and Armchem International Corporation, Appellees.
No. 95-04459.
District Court of Appeal of Florida, Second District.
July 19, 1996.
Mark F. Kelly of Kelly & McKee, P.A., Tampa, for Appellant.
*79 Patricia A. Burton and Oscar E. Soto of Fleming, O'Bryan & Fleming, P.A., Fort Lauderdale, for Appellees.
PARKER, Acting Chief Judge.
Cyn-co, Inc., d/b/a Mr. First Aid/Life and Safety Service Company (Cyn-co), appeals the final judgment entered in favor of Jan Lancto and Armchem International Corporation [1] on Cyn-co's complaint alleging breach of contract. The trial court entered final judgment following its entry of an order granting Lancto's motion to dismiss with prejudice. We conclude that the complaint stated a cause of action sufficient to withstand a motion to dismiss and reverse.
Cyn-co filed a verified complaint against Lancto which alleged that Lancto signed two employment contracts with Cyn-co and thereafter breached the contracts by violating the noncompetition provisions of the contracts. The complaint alleged that the breach occurred when Lancto resigned from Cyn-co and began direct solicitation of Cyn-co's customers and use of Cyn-co's confidential customer lists, actions which were prohibited under the contracts for a period of twenty-four months following Lancto's leaving Cyn-co's employment. The complaint attached copies of both contracts.
Lancto's motion to dismiss alleged that the first employee contract had lapsed by its own terms and that the second employment contract was vague and ambiguous, was an unreasonable restraint of trade, and should be construed against Cyn-co, the drafting party.
A motion to dismiss for failure to state a cause of action is not a substitute for a motion for summary judgment and, in ruling on such a motion, we are confined to a consideration of the allegations found within the four corners of the complaint. Cook v. Sheriff of Collier County, 573 So.2d 406 (Fla. 2d DCA 1991). Furthermore, all material allegations of the complaint are taken as true, and this court is not permitted to speculate as to whether the allegations ultimately will be proven. Maciejewski v. Holland, 441 So.2d 703 (Fla. 2d DCA 1983).
Lancto's motion to dismiss correctly alleged that the first employee contract had lapsed by its own terms. Therefore, the trial court properly dismissed Cyn-co's breach of contract action with respect to that contract. However, with respect to the second contract, we conclude that Cyn-co's complaint clearly states that Lancto breached the noncompetition portion of that contract. The second employee contract dated August 21, 1991, although poorly drafted, can be interpreted to prohibit Lancto from utilizing Cyn-co's customer lists and contacting Cyn-co's customers for twenty-four months following Lancto's leaving Cynco's employment. Accordingly, the trial court erred in dismissing the complaint with respect to the second contract.
Reversed and remanded with instructions to the trial court to reinstate the complaint against Lancto as it relates to the second contract.
LAZZARA and QUINCE, JJ., concur.
NOTES
[1] Cyn-co concedes in its brief that it is not contesting the dismissal of its complaint against Armchem.