696 So.2d 926 (1997)
Felicia LANDRUM, as personal representative of the Estate of Anthony (Tony) Landrum, deceased, Appellant,
v.
JOHN DOE PIT DIGGER; Otter Lake Development, Inc., a Florida corporation; Otter Lake Development, a Florida partnership composed of Betty Jane Bacon, Theron A. Arnold and Joseph S. Pagliano, as partners; Otter Lake Joint Venture, a Florida partnership composed of Marilyn F. McIntosh, personal representative of the Estate of Craig McIntosh, Roger Conley, Earl L. Snyder, II, William Dooley, and Sandra Sutton as partners; Sutton Group Properties; Richard Sutton and Sandra Sutton, individually; and Otter Lake Homeowners' Association, Inc., Appellees.
Nos. 95-05194, 96-00252.
District Court of Appeal of Florida, Second District.
July 9, 1997.
Patrick Dekle; Robert J. Shapiro; and A. Woodson Isom, Jr., Tampa, for Appellant.
Donald W. Yetter of Yetter & Zaremba, P.A., Bradenton, for Appellee Theron A. Arnold.
*927 Roger P. Conley of Conley & Cleary, Bradenton, for Appellee Roger Conley.
William A. Dooley and J. Neal Mobley of Nelson & Hesse, Sarasota, for Appellee William Dooley.
David W. Wilcox, Bradenton, for Appellee Marilyn F. McIntosh, personal representative of the Estate of Craig McIntosh.
Alan E. Tannenbaum and Jane M. Kennedy of Levin and Tannenbaum, P.A., Sarasota, for Appellee Otter Lake Homeowners' Association, Inc.
Charles W. Hall, Jeffrey P. Winkler and William A. Kebler of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., St. Petersburg, for Appellee Joseph S. Pagliano.
Richard R. Garland and A. James Rolfes of Dickinson & Gibbons, P.A., Sarasota, for Appellee Earl L. Snyder, II.
John D. Hawkins and Douglas A. Peebles of Grimes, Goebel, Grimes and Hawkins, P.A., Bradenton, for Appellees Sutton Group Properties, Richard and Sandra Sutton.
QUINCE, Judge.
Felicia Landrum, as personal representative of her son Anthony Landrum's estate (the estate), challenges the trial court's order dismissing several counts of her amended complaint for failure to state a cause of action. We reverse because the allegations are sufficient to state a cause of action for negligence.
The estate filed a six-count amended complaint alleging causes of action sounding in negligence and breach of warranty against appellees. The amended complaint alleges four counts of negligence, each against different defendants as follows:
John Doe Pit Digger (count I); Otter Lake Development, Inc.[1], Otter Lake Development and Otter Lake Joint Venture (count II); Sutton Group Properties and Richard Sutton individually (count III); and Otter Lake Homeowners' Association and Marv Silvern[2] (count VI). The remaining counts (counts IV and V) allege breaches of warranty against Sutton Group Properties. Appellees, Joseph S. Pagliano, Craig McIntosh, Marv Silvern, Otter Lake Homeowners' Association, Inc., Roger Conley, William A. Dooley, Sandra Sutton, Richard Sutton, Sutton Group Properties and Earl L. Snyder, II, filed motions to dismiss for failure to state a cause of action.
After a hearing on the motions, the trial court entered several orders dismissing certain counts and defendants from the law suit. The initial order dismissed with prejudice counts II and VI of the amended complaint; thereby, removing Otter Lake Development, Inc., Otter Lake Development, Otter Lake Joint Venture and Otter Lake Homeowners' Association from the litigation. The order also dismissed without prejudice count III against the Sutton Group and Richard Sutton. The dismissal without prejudice was to allow the estate to file, if it could, a cause of action for negligence based on a violation of the Housing and Urban Development regulations.
The estate timely filed a notice of appeal from this order of dismissal. Thereafter, the trial court entered two additional orders dismissing Snyder and Pagliano, individually, from the lawsuit. Timely notices of appeal were filed, and this court consolidated all the pending appeals.
Counts II, III and VI are all negligence counts based on the death of Anthony Landrum, who drowned in a lake/pit, Lake Otter, located on the subdivision known as Otter Lake Villas in Sarasota County, Florida. The complaint alleges that Otter Lake Development, Inc., Otter Lake Development and Otter Lake Joint Venture were, either separately or jointly, the developers of Otter *928 Lake Villas. It further alleges that the lake which exists on the property was dug by John Doe Pit Digger, and that the lake has a vertical eight foot drop-off which cannot be seen after the lake is filled with water. Additionally, the estate contends the sides of the lake are composed of a clay-like material that is crumbly and soft, which makes it difficult for a person to get out of the lake. Therefore, the estate contends the lake constitutes a "trap" or a "hidden trap," and that the developers of the property had a duty to either fill in the lake, erect a fence, provide a safer slope, put up warning signs or otherwise protect the public from the dangers of the drop-off. The estate concludes that the defendants breached this duty, and are, therefore, liable in negligence for Anthony Landrum's death. The defendants filed motions to dismiss alleging these facts do not state a cause of action for negligence.
Our review on appeal from an order dismissing a complaint or any count of a multi-count complaint is limited to whether the complaint states a cause of action. We must take the pleaded facts as true and should not concern ourselves with whether the plaintiff will ultimately prove the allegations. See Cyn-co, Inc. v. Lancto, 677 So.2d 78 (Fla. 2d DCA 1996); Troupe v. Redner, 652 So.2d 394 (Fla. 2d DCA 1995). Thus, if the complaint before us alleges all the essential elements of negligence, it is not subject to dismissal for failure to state a cause of action.
In order to sufficiently allege a cause of action for negligence, the plaintiff must allege the existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others, including the plaintiff, a failure on the part of the defendant(s) to perform the duty, and injury or damage to the plaintiff proximately caused by such failure. Cook v. Sheriff of Collier County, 573 So.2d 406 (Fla. 2d DCA 1991). We agree with the appellant that counts II, III and VI of the complaint sufficiently allege all of the elements of negligence and should not have been dismissed. The trial court in dismissing the negligence counts made the determination that the lake was not a trap. Such a determination is not appropriate on a motion to dismiss. Holland v. Anheuser Busch, Inc., 643 So.2d 621 (Fla. 2d DCA 1994).
We reverse the trial court's dismissal of counts II, III, and VI of the amended complaint and remand for further proceedings.
THREADGILL, A.C.J., and NORTHCUTT, J., concur.
NOTES
[1] Otter Lake Development, Inc. is a Florida Corporation. Otter Lake Development is a Florida partnership composed of Betty Jane Bacon, Theron A. Arnold and Joseph S. Pagliano. Otter Lake Joint Venture is a Florida partnership composed of Craig McIntosh, Roger Conley, Earl L. Snyder, II, William Dooley and Sandra Sutton.
[2] By order dated November 21, 1995, the trial court granted the motion to dismiss Marv Silvern. The dismissal was with the reservation that the plaintiff could amend the complaint should it become apparent that Marv Silvern had violated section 617.0834, Florida Statutes. That order was not appealed; therefore, Silvern is not a party to this appeal.