801 So.2d 111 (2001)
Willie CONSUEGRA, Appellant,
v.
LLOYD'S UNDERWRITERS AT LONDON, Appellee.
No. 2D00-3913.
District Court of Appeal of Florida, Second District.
October 12, 2001.
Rehearing Denied December 13, 2001.
Raymond A. Tavares and Sharon Tavares, Tampa, for Appellant.
Domenic A. Tirado of Boehm, Brown, Seacrest & Fischer, P.A., Tallahassee, for Appellee.
STRINGER, Judge.
Appellant, Willie Consuegra, challenges a final order confirming an umpire's determination of damages and dismissing with prejudice his complaint for breach of contract. We affirm the trial court's confirmation of the umpire's determination without further comment. We, however, reverse the dismissal of Mr. Consuegra's complaint.
On February 14, 1999, Mr. Consuegra was in a traffic accident which severely damaged his 1990 Mack truck. Mr. Consuegra's truck was insured with Lloyd's Underwriters at London ("Lloyd's"). In *112 compliance with the insurance policy, Mr. Consuegra notified Lloyd's of the accident. Mr. Consuegra then had the damage appraised by Tampa Springs Co., a repair service company. Tampa Springs Co. estimated the repairs to the truck to be $34,399.26. Mr. Consuegra submitted this estimate to Lloyd's for payment, but Lloyd's refused to authorize payment for the repair work. After more than sixty days had passed, Mr. Consuegra filed a complaint against Lloyd's alleging breach of the insurance contract. In response, Lloyd's filed an answer and a motion to abate or dismiss the complaint asserting that Mr. Consuegra failed to comply with the appraisal clause in the insurance policy which set out arbitration procedures for resolving disputes as to the amount of repairs. The trial court stayed the proceedings to allow Lloyd's time to resolve the issue of payment for the repair.
Lloyd's had the truck appraised by its own appraiser who estimated the repairs at $19,699.19. Lloyd's offered to repair the vehicle in accordance with this estimate. However, this offer was rejected by Mr. Consuegra. Mr. Consuegra then requested that his appraiser, Tampa Springs Co., review its original estimate and submit an amended estimate in order to resolve the issue. Tampa Springs Co. prepared an amended appraisal in the amount of $25,054.72. This amount was also rejected by Lloyd's.
The trial court entered an order appointing an umpire to make a determination as to a reasonable repair estimate. During this time, Mr. Consuegra obtained leave to amend his complaint. In his second amended complaint, Mr. Consuegra included damages for towing and storage, loss of business income, and a demand for attorney's fees. Lloyd's filed a motion to dismiss, abate and/or strike the second amended complaint, alleging that all the counts of the second amended complaint will be resolved either directly or indirectly by the determination of the umpire.
After reviewing all previous appraisals and personally inspecting the vehicle, the court-appointed umpire issued a report which estimated the repairs at $23,996.38. The trial court entered an order confirming the umpire's determination and dismissing Mr. Consuegra's second amended complaint with prejudice. Mr. Consuegra argues that the trial court erred in dismissing his second amended complaint with prejudice.
From our reading of the record, it appears the trial court dismissed appellant's second amended complaint based on its conclusion that Lloyd's did not breach its contract with Mr. Consuegra. However, a motion to dismiss for failure to state a cause of action is not a substitute for a motion for summary judgment, and in ruling on such a motion, the trial court is confined to a consideration of the allegations found within the four corners of the complaint. Cyn-co, Inc. v. Lancto, 677 So.2d 78, 79 (Fla. 2d DCA 1996). We do not find that the plain language of the contract in this case unambiguously established that Lloyd's did not breach the duty alleged in the complaint. Cf. Detwiler v. Bank of Cent. Fla., 736 So.2d 757 (Fla. 5th DCA 1999). Based on our review of Mr. Consuegra's second amended complaint, we conclude that the complaint clearly states that Lloyd's breached the insurance policy by failing to repair Mr. Consuegra's truck in a timely and proper manner in accordance with its duty under the policy which resulted in Mr. Consuegra's incurring towing and storage costs and a loss of business income.[1] Accordingly, we reverse *113 the dismissal of the second amended complaint and remand this case for further proceedings.
As a part of his second amended complaint, Mr. Consuegra also made a demand for attorney's fees. In his appellate brief, Mr. Consuegra argues that the trial court also erred in denying his request for attorney's fees. Because we reverse the dismissal of his complaint, on remand, Mr. Consuegra may renew his request for attorney's fees. We, however, express no opinion on the merits of any such claim.
Affirmed in part, reversed in part, and remanded.
FULMER, A.C.J., and CAMPBELL, MONTEREY (Senior) Judge, Concur.
NOTES
[1] We note that the final order awarded Mr. Consuegra damages for his towing and storage cost. Thus, the only damages he is still claiming are attorney's fees and a loss of business income suffered due to his truck being inoperable for an extended period of time. Mr. Consuegra used his truck for hauling construction debris and other heavy materials.