834 So.2d 194 (2002)
Elhanon and Sandra S. COMBS, James K. Kessler and the Poinciana Village Civic Association, Inc., Appellants,
v.
CITY OF NAPLES, a municipal corporation of the State of Florida, and the Royal Poinciana Golf Club, Inc., Appellees.
No. 2D01-2727.
District Court of Appeal of Florida, Second District.
August 30, 2002.
*196 David W. Rynders, Naples, for Appellants.
George Vega, Jr. of Vega, Brown, Stanley & Burke, P.A., Naples, for Appellee, Royal Poinciana Golf Club, Inc.
FULMER, Judge.
Elhanon and Sandra Combs, James Kessler, and Poinciana Village Civic Association (Association) appeal the trial court's final judgment dismissing with prejudice counts 1, 2, and 4 of their amended complaint filed against the City of Naples and the Royal Poinciana Golf Club, Inc. (Club). The Combs, Kessler, and the Association raise several issues for review. We affirm in part and reverse in part.
The Combs, Kessler, and the Association filed a four-count complaint against the City and the Club seeking to invalidate a development agreement the City entered into with the Club pursuant to the Florida Local Government Development Agreement Act, sections 163.3220 to 163.3243, Florida Statutes (1999) (Development Agreement Act). Count 3 was severed and is not a part of this appeal.
Count 1 is an action filed pursuant to the Development Agreement Act challenging compliance of the agreement with the City's comprehensive plan. Count 2 is an action for declaratory judgment and injunctive relief, which alleges that the agreement violates article VIII, section 2 of the Florida Constitution. Count 4 is a taxpayer's action, brought solely by Kessler, challenging the City's obligation in the agreement to expend City funds as an unconstitutional exercise of the City's taxing and spending powers.
The trial court dismissed count 1 for failure to comply with the condition precedent provision in section 163.3215(4) of the Local Government Comprehensive Planning and Land Development Regulation Act (Comprehensive Planning Act),[1] which applies to actions challenging the consistency of a development order with a local government's comprehensive plan. However, count 1 of the complaint before us is not an action filed pursuant to section 163.3215. Rather, count 1 is an action filed pursuant to section 163.3243 of the Development Agreement Act challenging a development agreement, not a development order. We reject the argument advanced by the City and the Club that the development agreement implicitly comprises a development order. A plain reading of the Comprehensive Planning Act and the Development Agreement Act reveals that a "development agreement" and a "development order" are not interchangeable terms. Moreover, the Development Agreement Act expressly incorporates the definition of "aggrieved or adversely affected person" as set forth in the standing provision of the Comprehensive Planning Act,[2] but we find no provision in the Development *197 Agreement Act that also incorporates the condition precedent provision of the Comprehensive Planning Act. Thus, we conclude the trial court erred by applying the condition precedent provision of section 163.3215 to a section 163.3243 action.
In its order dismissing count 1, the trial court also found that Kessler lacked standing because he was not an "aggrieved or adversely affected person" as defined in section 163.3215(2). We agree, and Kessler makes no challenge to this ruling by the trial court in this appeal.
Counts 2 and 4 were dismissed by separate order based on a determination that all plaintiffs lacked standing "because they have not established any special injury and because the Development Agreement does not violate the U.S. or Florida Constitutions." We will address each count separately. Count 2 is a declaratory judgment action, which is governed by the provisions of chapter 86, Florida Statutes (1999). Section 86.021, which addresses standing to seek a declaratory judgment, contains no requirement that a special injury be established. It provides:
Any person claiming to be interested or who may be
in doubt about his or her rights under a... contract, or other article, memorandum, or instrument in writing or whose rights, status, or other equitable or legal relations are affected by a ... municipal ordinance, contract ... or other article, memorandum, or instrument in writing may have determined any question of construction or validity arising under such ... municipal ordinance, contract ... or other article, memorandum, or instrument in writing, or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder.
Florida courts have repeatedly stated that the declaratory judgment statute should be liberally construed. See Olive v. Maas, 811 So.2d 644 (Fla.2002). The Combses own property adjacent to the Club and are within the class of property owners the City determined should be provided notice of the public hearings pertaining to approval of the development agreement. They also qualify as an "aggrieved or adversely affected party" as defined in section 163.3215(2). Thus, we conclude that their interests are sufficient to confer standing to seek a declaratory judgment on the constitutionality of the development agreement. The Association is in a similar position as the Combses. The Association is a not-for-profit organization formed to protect the interests of homeowners in a subdivision that is adjacent to the Club and is also in the vicinity in which notices of the public hearing were sent. Given the liberal construction to be afforded chapter 86, we conclude the Association has standing to maintain count 2. Kessler, on the other hand, is not an owner of property in the vicinity of the Club but alleges an interest, as a City resident and taxpayer, in the proper procedural approval by the City of development agreements. We agree with the trial court's conclusion that he lacks standing to maintain count 2 and affirm that ruling without further discussion.
Kessler's status as a City resident does, however, provide him standing to maintain count 4, which is a taxpayer suit challenging on constitutional grounds the City's exercise of its taxing and spending authority. Such actions do not require a showing of special injury. See Dep't of Admin. v. Horne, 269 So.2d 659 (Fla.1972); Paul v. Blake, 376 So.2d 256 (Fla. 3d DCA 1979). Therefore, we reverse the trial court's determination *198 that Kessler lacks standing to pursue count 4.
In its order dismissing counts 2 and 4, the trial court not only dismissed the complaint but also made findings that addressed the merits of the relief sought. When passing on a motion to dismiss for failure to state a cause of action, the trial court is confined to the allegations in the complaint. Consuegra v. Lloyd's Underwriters at London, 801 So.2d 111, 112 (Fla. 2d DCA 2001). A motion to dismiss is not a substitute for a summary judgment. Id. And, "[t]he test for sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." "X" Corp. v. "Y" Person, 622 So.2d 1098, 1101 (Fla. 2d DCA 1993). Accordingly, we express no opinion on the trial court's unauthorized findings.
Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.
ALTENBERND and SILBERMAN, JJ., concur.
NOTES
[1] §§ 163.3161 to 163.3217, Fla. Stat. (1999).
[2] Section 163.3243 of the Development Agreement Act provides:

Any party, any aggrieved or adversely affected person as defined in s. 163.3215(2), or the state land planning agency may file an action for injunctive relief in the circuit court where the local government is located to enforce the terms of a development agreement or to challenge compliance of the agreement with the provisions of ss. 163.3220-163.3243.