866 So.2d 767 (2004)
Donald A. THOMPSON; Carolyn Thompson, individually; and Carolyn Thompson as Personal Representative of the Estate of James B. Thompson, deceased, Appellants,
v.
FLORIDA CEMETERIES, INC., a Florida Corporation; George Lorton; Carl Lorton; Michael A. Adams; and Stacy Adams, Appellees.
No. 2D02-4020.
District Court of Appeal of Florida, Second District.
February 25, 2004.
*768 Donald A. Thompson, pro se.
J.W. Bonie, St. Petersburg, for Appellant Carolyn Thompson, individually, and Carolyn Thompson as Personal Representative of the Estate of James B. Thompson, deceased.
E.C. Langford of Langford, Hill & Williams, P.A., Tampa, for Appellees.
CASANUEVA, Judge.
The defendants in this declaratory judgment action have appealed from a final judgment entered on their motion for a directed verdict. Because the trial court exceeded its procedural authority in the context of a motion for directed verdict, we reverse.
The issues in this case center around the funding of a closely held corporation, Florida Cemeteries, Inc., which was in financial difficulty. The plaintiffs, shareholders George Lorton, Carl Lorton, Michael Adams, and Stacy Adams (the plaintiffs), together with Florida Cemeteries, Inc., filed a two-count complaint for declaratory judgment against the remaining shareholders, defendants Donald A. Thompson, Carolyn Thompson, individually, and Carolyn Thompson as personal representative of the estate of James B. Thompson. Their first count asked the court to decide whether the plaintiffs' postincorporation monetary contributions to the corporation consisted of loans to the corporation or contributions to capital in exchange for additional shares in the corporation. In the event the court declared that this additional contribution was loaned to the corporation, the second count sought foreclosure of the Thompsons' shares to repay their portion of the loan in accordance with the shareholders' agreement.
At the close of the plaintiffs' case in this nonjury trial, the Thompsons moved for a directed verdict pursuant to Florida Rule of Civil Procedure 1.480(a), based primarily on the fact that the corporation's accountant had testified that the plaintiffs' capital additions constituted a stock purchase, not a loan. Their motion requested the court to enter judgment declaring (1) that the plaintiffs were not entitled to foreclosure of the Thompsons' shares as they had not established that the plaintiffs had made a loan to the corporation in which the Thompsons had not participated; and (2) that the plaintiffs had issued an additional 6270 shares of stock to themselves at a value of $100 per share. This second portion of their "prayer for relief" appears to have been merely a summation of the facts in evidence; nevertheless, the court granted the motion in part, denied it in part, and incorporated this fact into its final declaratory judgment, ordering the Thompsons to pay a certain sum within a certain time to reestablish their proportionate share of ownership in the corporation. Because the trial court exceeded its procedural authority, the defendants have appealed and we reverse.
The problem in this case arises from the trial court's erroneous application of Florida Rule of Civil Procedure 1.480(a), which provides that, at the close of the opponent's case, a party can ask the court to direct a verdict against the adverse party. The rule further provides that the moving party "may offer evidence in the event the motion is denied." The granting of a motion for directed verdict generally *769 signifies "that the nonmoving party's case is devoid of probative evidence." Houghton v. Bond, 680 So.2d 514, 522 (Fla. 1st DCA 1996). Furthermore, a motion for directed verdict "must be denied if the evidence is conflicting or different conclusions or inferences can be drawn from it." Azar v. Richardson Greenshields Sec., Inc., 528 So.2d 1266, 1269 (Fla. 2d DCA 1988). A motion for directed verdict is not a surrogate summary judgment procedure. Id.
We note that, although the defendants styled their pleading as a "motion for directed verdict" and the trial court's order reflected that it was granting a motion for directed verdict, in reality this was a motion for involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(b). However, the same law is applicable to both. Day v. Amini, 550 So.2d 169, 171 (Fla. 2d DCA 1989) ("A motion for involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(b), which is used in nonjury trials, was formerly known as a motion for directed verdict, and the same law is applicable.").
Furthermore, the "motion for directed verdict" was not only misnamed, it was inappropriate based on the plaintiffs' proof.[1] Generally speaking, a motion for judgment of dismissal in an action for declaratory judgment could be granted only if the plaintiff failed to establish the existence of a justiciable controversy cognizable under the Declaratory Judgment Act, chapter 86, Florida Statutes. Cf. Rosenhouse v. 1950 Spring Term Grand Jury, in and for Dade County, 56 So.2d 445, 448 (Fla.1952) (stating that the "test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all"); "X" Corp. v. "Y" Person, 622 So.2d 1098, 1101 (Fla. 2d DCA 1993) (same). Thus, when the trial court concluded that the defendants' motion for directed verdict sought relief virtually identical to that sought by the plaintiffs, it erred as a matter of law. At that point in the litigation, the only relief the court could grant-as a matter of procedure-was dismissal of the plaintiffs' action.
Here, the plaintiffs' initial pleading clearly anticipated that the evidence would support only one of its two alternative theories. The court was asked to decide whether the plaintiffs had purchased new stock or had loaned money to the corporation. In granting a defendant's motion for directed verdict or involuntary dismissal, a court implicitly finds that the plaintiff's case lacks probative evidence. Houghton, 680 So.2d at 522. In contrast, the trial court in this case actually found that the plaintiffs' case did not lack probative evidence but that they had proved that the transaction was a stock purchase rather than a loan. Because the plaintiffs had adduced probative evidence in support of their claim and demonstrated that they were entitled to a declaration of their rights, the court should have denied the motion for directed verdict and allowed the defendants to proceed with their case. See Capital Media, Inc. v. Haase, 639 So.2d 632, 632 (Fla. 2d DCA 1994) ("This court and others have consistently held that on a motion for involuntary dismissal, made at the close of the plaintiff's case in a nonjury trial, a trial court is limited to determining whether or not the plaintiff has made a prima facie case."); see also Fla. R. Civ. *770 P. 1.480(a) (stating that a "party who moves for a directed verdict at the close of evidence offered by the adverse party may offer evidence in the event the motion is denied without having reserved the right to do so and to the same extent as if the motion had not been made"). Here, the Thompsons were entitled to put on their evidence.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
WALLACE, J., Concurs.
SALCINES, J., Concurs specially.
SALCINES, Judge, Concurring specially.
It is apparent that the trial court acted as it did in an effort to exercise judicial economy and to save the parties further litigation expenses in a matter which appeared to have but one conclusion. The Thompsons had failed to contribute additional funds to the corporation on several occasions when the shareholders were asked to do so and it appeared that they lacked either the financial ability or desire to continue their participation in Florida Cemeteries' business activities. However, in fashioning what can only be characterized as a unique final judgment in response to the Thompsons' motion for directed verdict, the trial court erred as a matter of law. The final judgment clearly exceeded the scope of relief available on a motion for directed verdict. Thus, I concur in the majority decision.
NOTES
[1] It is apparent that the defendants played a major role in leading the trial court into this procedural quagmire.