928 So.2d 1276 (2006)
The MEADOWS COMMUNITY ASSOCIATION, INC., a Florida not-for-profit corporation, Appellant,
v.
Louise Claire RUSSELL-TUTTY, Appellee.
No. 2D05-416.
District Court of Appeal of Florida, Second District.
May 31, 2006.
*1277 Robert L. Moore of Kanetsky, Moore & Deboer, P.A., Venice, for Appellant.
*1278 Jeffrey A. Rapkin, North Port, for Appellee.
VILLANTI, Judge.
The issues presented by this appeal are whether the amended complaint filed by a homeowners' association against a unit owner states a cause of action for declaratory and injunctive relief and, therefore, whether the trial court erred in dismissing, with prejudice, the amended complaint for failure to state a cause of action. In reviewing a final order such as this, the appellate court must accept the facts alleged in the complaint as true. See Lutz Lake Fern Road Neighborhood Groups, Inc. v. Hillsborough County, 779 So.2d 380, 383 (Fla. 2d DCA 2000). "Because the question of whether a complaint states a cause of action is one of law, the standard of review is de novo." Id. The amended complaint stated a cause of action for declaratory and injunctive relief, and therefore we reverse the trial court's order and remand for further proceedings.
The Meadows Community Association, Inc., a Florida homeowners' association, filed an action against Louise Claire Russell-Tutty, a unit owner, seeking to clarify its rights under the Association's documents. The Association sought to compel Ms. Russell-Tutty to require her invitee to comply with the Association's rules, specifically to control her adult son's reckless driving on the Association's private roads. The complaint was later amended to add the son as a party.[1] According to the amended complaint, the son resided with Ms. Russell-Tutty in her condominium, which is governed by the Association's Declaration of Maintenance Covenants and Restrictions; the son repeatedly violated the speed limits and engaged in unsafe and reckless driving; and the local sheriff's department declined to enforce the alleged traffic violations on the Association's private roads. The amended complaint sought both declaratory and injunctive relief involving the interpretation and enforcement of the Association's Declaration. These claims are necessarily interrelated, and each turns on whether Ms. Russell-Tutty can be directed to control her son's actions while he is her invitee on Association property.
Although the amended complaint consists of only one count, it advances two theories to support the injunctive relief requestviolation of certain deed restrictions and abatement of a nuisance. Ms. Russell-Tutty filed an answer and a motion to dismiss for failure to state a cause of action. Ms. Russell-Tutty did not move to dismiss on the ground that the amended complaint could not be understood or that it improperly mixed causes of action in a single count.
[W]here a complaint contains sufficient allegations to acquaint the defendant with the plaintiff's charge of wrongdoing so that the defendant can intelligently answer the same, it is error to dismiss the action on the ground that more specific allegations are required.... A motion to dismiss a complaint for failure to state a cause of action does not reach defects of vague and ambiguous pleading.
Fontainebleau Hotel Corp. v. Walters, 246 So.2d 563, 565 (Fla.1971) (citations omitted). Indeed, the basis of the motion to *1279 dismiss here was Ms. Russell-Tutty's defensethat enforcement of traffic laws is within the sole province of law enforcement, that courts cannot enjoin criminal behavior, that the amended complaint fails to allege a factual nexus between Ms. Russell-Tutty and her son, and that Ms. Russell-Tutty cannot be ordered to control the actions of another individual.
Following a hearing, the trial court granted the motion to dismiss with prejudice. In dismissing the amended complaint, the trial court gave no explanation for its ruling. The trial court's order denying the motion for rehearing also failed to provide any explanation for its ruling.
On appeal, the Association argues that it sufficiently pleaded a cause of action based on Ms. Russell-Tutty's alleged violations of the restrictive covenants. We agree that the facts alleged in the amended complaint state a cause of action for injunctive and declaratory relief. Although not a model of clarity, the amended complaint essentially alleged that the Association was in doubt as to its rights under the Association documents and sought an injunction requiring Ms. Russell-Tutty to require her son to comply with the Association's traffic regulations.
It is not for the court to speculate whether the allegations are true or whether the pleader has the ability to prove them.... "The question for the trial court to decide is simply whether, assuming all the allegations in the complaint to be true, the plaintiff would be entitled to the relief requested."
Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So.2d 175, 178 (Fla. 5th DCA 2001) (quoting Cintron v. Osmose Wood Preserving, Inc., 681 So.2d 859, 861 (Fla. 5th DCA 1996)).
Declaratory judgment actions are governed by chapter 86, Florida Statutes (2004), which provides that a party claiming to be interested or in doubt as to its rights under certain documents, including those involved in this case, may seek a declaration of its rights in the trial court. The elements of such a proceeding are set forth in May v. Holley, 59 So.2d 636, 639 (Fla.1952):
[I]t should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court ... and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.
"The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." "X" Corp. v. "Y" Person, 622 So.2d 1098, 1101 (Fla. 2d DCA 1993) (citing Platt v. Gen. Dev. Corp., 122 So.2d 48 (Fla. 2d DCA 1960)). In other words, once a cause of action for declaratory relief is sufficiently pleaded, the plaintiff is entitled to a judicial determination of the rights at issue. The prospect that the determination may not lead to the relief *1280 sought by the plaintiff will not thwart the action. "[A] motion to dismiss for failure to state a cause of action is not a substitute for a motion for summary judgment, and in ruling on such a motion, the trial court is confined to a consideration of the allegations found within the four corners of the complaint." Consuegra v. Lloyd's Underwriters at London, 801 So.2d 111, 112 (Fla. 2d DCA 2001).
The flaw in Ms. Russell-Tutty's argument is apparent from the manner in which her answer brief addresses the issue on appeal; her brief contends that there was no showing that the trial court abused its discretion in denying the request for an injunction. As stated above, the issue before us is whether the amended complaint states a cause of action, not whether the trial court should have issued an injunction. The Association sought a judicial determination of whether certain deed restrictions could be interpreted to require Ms. Russell-Tutty to prevent her adult son from recklessly driving and speeding on the Association's private roads in alleged contravention of the deed restrictions. The amended complaint sufficiently alleged the Association's interest and doubt as to its rights under the Declaration. Because the amended complaint's allegations stated a cause of action for a declaratory judgment, the trial court should not have dismissed it. The trial court went beyond the four corners of the amended complaintit appears that the trial court was led to believe that Ms. Russell-Tutty's son was no longer living with her, which might have mooted the amended complaint, or that there was unspecified case law that would not have supported the granting of the relief sought. The availability of a remedy, however, is reached after, not before, the determination of a plaintiff's rights.
At the hearing, the trial court focused on the merits of the Association's case rather than the sufficiency of its amended complaint. "[A] complaint should not be dismissed for failure to state a cause of action `unless the movant can establish beyond any doubt that the claimant could prove no set of facts whatever in support of his claim.'" Ingalsbe v. Stewart Agency, Inc., 869 So.2d 30, 35 (Fla. 4th DCA 2004) (quoting Morris v. Fla. Power & Light Co., 753 So.2d 153, 154 (Fla. 4th DCA 2000)). Ms. Russell-Tutty simply did not meet her burden to demonstrate that there was no theory, taking the facts as true in the amended complaint, that would support the Association's request for relief.
We hold only that the amended complaint is sufficient to withstand an attack by a motion to dismiss for failure to state a cause of action. Because the amended complaint states a cause of action for injunctive and declaratory relief, it was error to dismiss it. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
WALLACE, J., Concurs.
KELLY, J., Dissents without opinion.
NOTES
[1] This opinion does not address the claims against the son that were not dismissed and are not a subject of this appeal.