952 So.2d 1273 (2007)
Homero CARMONA, Fernando Carmona, and Isidro Carmona, Appellants,
v.
McKINLEY, ITTERSAGEN, GUNDERSON & BERNTSSON, P.A., a Florida Corporation, Appellee.
Nos. 2D06-1850, 2D06-1852, 2D06-1854.
District Court of Appeal of Florida, Second District.
April 13, 2007.
*1274 Perry Tanksley, Sarasota, and Susan J. Silverman, Sarasota, for Appellants.
Albert J. Tiseo, Jr., of McKinley, Ittersagen, Gunderson & Berntsson, P.A., Port Charlotte, for Appellee.
VILLANTI, Judge.
Homero Carmona, Fernando Carmona, and Isidro Carmona appeal the orders dismissing each of their individual amended complaints against McKinley, Ittersagen, Gunderson & Berntsson, P.A. (McKinley). Because the trial court impermissibly looked beyond the four corners of the complaints in granting McKinley's motions to dismiss, we reverse the trial court's orders of dismissal and remand for further proceedings.
Homero, Fernando, and Isidro Carmona each performed labor on real property owned by Saxony Holdings, LLC. They did so pursuant to an alleged oral contract with the contractor and were not in privity with the owner. When the contractor failed to pay the Carmonas, they individually filed and recorded timely claims of lien against the real property. Subsequently, McKinley posted a bond transferring each claim of lien to security, pursuant to section 713.24, Florida Statutes (2004). Each transfer bond stated that it related to the applicable claim of lien filed by the appropriate Carmona, and each bond stated that it was posted by McKinley.
The Carmonas timely filed suit against McKinley seeking to foreclose on their liens which were transferred to security. McKinley moved to dismiss the amended complaints for failure to state a cause of action,[1] arguing that it was not the proper defendant because it has no interest in the *1275 real property; i.e., McKinley is merely the owner's attorney and posted the bond on the owner's behalf. Following a hearing, at which McKinley advanced this argument,[2] the trial court dismissed the Carmonas' amended complaints with prejudice.
In ruling on a motion to dismiss for failure to state a cause of action, the "`trial court is confined to a consideration of the allegations found within the four corners of the complaint.'" Meadows Cmty. Ass'n v. Russell-Tutty, 928 So.2d 1276, 1280 (Fla. 2d DCA 2006) (quoting Consuegra v. Lloyd's Underwriters at London, 801 So.2d 111, 112 (Fla. 2d DCA 2001)). The court must assume that all allegations in the complaint are true and decide whether the plaintiff would be entitled to relief. Russell-Tutty, 928 So.2d at 1279.
Section 713.24(1) permits "any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed" to transfer the lien from real property to security. As a result, McKinley, on the faces of the bonds, is the "person" that transferred the liens to security and, hence, is presumed to have an interest in the real property or contract because it posted the funds. Consequently, the facts alleged by the Carmonas were sufficient ultimate facts alleging entitlement to relief from McKinley. See Fla. R. Civ. P. 1.110(b).
The Carmonas properly attached the transfer bonds to their complaints. The bonds state that they were posted by McKinley and make no reference to being posted on behalf of any other person or entity. Because a judge may consider only the four corners of the complaint in deciding a motion to dismiss, it was not proper for the trial court to consider, and presumably agree with, McKinley's argumentwhich was not corroborated on the faces of the complaintsthat it was not the proper party to the suit because it merely represents the owner. McKinley may be the owner's attorney, and McKinley may have posted the bonds on the owner's behalf; however, in deciding the motions to dismiss, the trial court was restricted to the four corners of the complaints. Thus the Carmonas' complaints stated causes of action sufficient to survive McKinley's motions to dismiss. Although McKinley may be able to prove that it was not the proper defendant on a motion for summary judgment, the trial court erred in considering facts outside the complaints in deciding McKinley's motions to dismiss.
Reversed and remanded for further proceedings.
SALCINES and DAVIS, JJ., Concur.
NOTES
[1] Although McKinley's motion does not state under which rule it was filed, McKinley continuously argued in its motion and during the hearing that the Carmonas failed to state a cause of action against McKinley. Therefore, we presume that McKinley's motion was filed pursuant to Florida Rule of Civil Procedure 1.140(b)(6).
[2] McKinley also briefly argued that the Carmonas' amended complaints were not timely filed, but the court found no merit in that argument.