ALTENBERND, Judge.
The plaintiffs, Freedom Properties, d/b/a University Village, and various resi *425 dents of University Village, appeal the dismissal of their complaint for declaratory relief against the Hillsborough County Property Appraiser. We affirm because the various residents of this retirement center do not have legal or equitable title to any real estate for which they are entitled to homestead exemptions under article VII, section 6, Florida Constitution (1980).
University Village is a retirement center which enters into “Life-Care Residency and Care Agreements” with its numerous residents. These agreements are continuing care contracts under chapter 651, Florida Statutes. University Village operates for profit. Cf. § 196.1975, Fla.Stat. (1989) (providing an exemption for property used by a nonprofit home for the aged). Although some continuing care facilities provide residents with a transferable membership or ownership right in the facility, it is undisputed that the residents of University Village have no such right. See § 651.-055(l)(g), Fla.Stat. (1989).
Under the standard contract between University Village and its residents, a resident does not have a legal or equitable life estate in any portion of the University Village real property. The agreement specifically states that: “The Resident shall not have any proprietary (ownership) interest in the University Village Property, or other assets or properties of University Village by virtue of this Agreement” (emphasis original). The resident is merely given a “license to occupy a room within the University Village Property.” This right is subject to termination by University Village for many reasons in addition to the resident’s death.
The plaintiffs argue that the legislature has provided an exemption more generous than that contained in the constitution because section 196.041(2), Florida Statutes (1989), permits an exemption for a “beneficial interest for life.” Assuming, merely for the sake of argument, that the legislature intended this statute to be more extensive than the constitution and further assuming that the legislature had such authority, we find nothing in the agreement or within the plaintiffs’ allegations which would entitle the residents under the language of the statute to claim a homestead exemption on any portion of this property.
Affirmed.
FRANK, A.C.J., and PARKER, J„ concur.