ALTENBERND, Judge.
The plaintiffs appeal an order dismissing their amended complaint with prejudice. Although the trial court properly dismissed this complaint, we conclude that it should have given the plaintiffs the right to file another amended complaint. On remand, the trial court may exercise its discretion to sever aspects of this multiparty proceeding in an effort to narrow and simplify the issues.
H. Thomas Lewis, St. Petersburg Automobile Museum, Inc. (SPAM), and Thelma Robinson are all owners of real property within the city limits of the City of Tampa. They allege that the City’s Code Enforcement Board has filed liens against their property as a result of noncompliance with the City’s building code.
John Doty owns property in unincorporated Hillsborough County and his noncompli-anee with the County’s building code has resulted in a similar lien by the County’s Code Enforcement Board. Property Rights Protection Group, Inc., is a nonprofit corporation whose 229 members all claim that they have liens against their property similar to the liens imposed by either the City or the County against the other named plaintiffs.
The amended complaint sues both the City and the County and their respective code enforcement boards. The amended complaint is thirty-six pages long and contains eleven counts. The exhibits to this complaint add another one hundred pages of sworn .and unsworn information. In the complaint, the plaintiffs contend that all of chapter 162 and specifically sections 162.09 and 162.12, Florida Statutes (1989), as well as the related City and County ordinances, are unconstitutional on their face and as applied because of various violations of due process. They also argue that the specific liens against Lewis, SPAM, Robinson, and Doty were imposed without proper notice. Lewis and SPAM seek to discharge specific liens.
On motions to dismiss, the trial court entered an order expressly declaring that all of chapter 162 and the related ordinances were constitutional on their face and as applied to these plaintiffs. The order purports to make findings of fact that all of the plaintiffs are estopped from litigating these issues. Although we agree that there is substantially more bath water than baby in the amended complaint, we conclude that this broad declaratory order must be reversed.
On remand, the trial court should consider severing the claims against the City from those against the County. Likewise, because the allegations concerning each plaintiffs lien and adequacy of each plaintiffs notice are distinct, it may be appropriate to isolate each claim. See Fla.R.Civ.P. 1.250, 1.270. If the various parties and claims were separated, the trial court could better determine whether any of the claims are frivolous and which claims, if any, warrant an evidentiary hearing.
Reversed and remanded.
HALL, A.C.J., and FARMER, GARY M., Associate Judge, concur.