GUNTHER, Judge.
Appellant, Darron Jackson (Jackson), plaintiff below, appeals a final order dismissing his complaint with prejudice. Because we hold the complaint states a valid action for declaratory relief, we reverse.
Jackson was injured on November 10, 1990, in an interscholastic football game while he was a student at Coconut Creek High School. As a result of the injury, Jackson suffered permanent paralysis of his right arm. Jackson then became a third party beneficiary of a disability insurance policy issued by appellee, Federal Insurance Company (company).
The policy, according to its terms, insures students of Broward County who take part in interscholastie sports. The amount of benefits for a total disability is $500,000.00. The policy provides, in pertinent part:
If within 180 days from the date of accident, accidental bodily injury:
(1) causes the Insured to be continuously and totally disabled; and,
(2) prevents the Insured from performing substantial and material duties and activities appropriate to his/her age and sex in any occupation in which he/she may have been engaged when disability began; or any occupation or employment for which he/she is fitted or could reasonably become fitted because of education, training, or experience for a period of six (6) months from the date such disability commenced, The Company will pay:
(a) a benefit of 20% of the Amount of Benefit shown [$500,000.00] at the beginning of the seventh month of such disability; and,
(b) if thereafter such injuries shall continue to totally an'd continuously disable the Insured, a yearly benefit of 8% of the Amount of Benefit [$500,000.00] will be paid on each anniversary of the first payment until:
(1) the maximum benefits has been exhausted; or,
(2) total disability ends; or,
(3) the Insured dies, whichever occurs first.
Pursuant to the policy terms, Jackson has received the 20% payment ($100,000.00) at the beginning of the seventh month and has received two annual payments of 8% totalling $80,000.00.
This ease arose because Jackson wants to enroll in a training or educational program and the parties disagree as to how such enrollment will affect his' benefits. According to Jackson’s reading of the policy, once he became totally disabled within 180 days of the accident, he was entitled to the full amount of the benefits ($500,000.00) even if he subsequently becomes employable through education or training. The company disagrees with Jackson’s interpretation of the policy and responds by merely reciting the policy language stating that Jackson will continue to receive annual payments so long as *58 he is “totally and continuously disabled.” The company suggests that the benefits may cease in the event Jackson becomes employable by virtue of training or education, because Jackson may not then be ‘Totally disabled.” The company, however, has steadfastly refused to give Jackson a definitive answer as to whether he will in fact lose the benefits if he enrolls in a training or educational program.
Because of the uncertainty about his entitlement to the benefits, Jackson filed suit for declaratory relief. The trial court, after hearing arguments, dismissed the complaint with prejudice. The trial judge reasoned that there was no present controversy at the foundation of the suit, as Jackson had not enrolled in a training or education program and the company had not refused to make the next payment.
The goals of the Declaratory Judgment Act are to relieve litigants of the common-law rule that a declaration of rights cannot be adjudicated unless a right has been violated and to render practical help in ending controversies which have not reached the stage where other legal relief is immediately available. Bell v. Associated Independents, Inc., 143 So.2d 904 (Fla. 2d DCA 1962); see also State Dep’t of Educ. v. Glasser, 622 So.2d 1003 (Fla. 2d DCA 1992), rev’d on other grounds, 622 So.2d 944 (Fla.1993). As such, the use of declaratory judgments should be liberally construed and their boundaries elastic. See Bell, 143 So.2d at 908; X Corp. v. Y person, 622 So.2d 1098 (Fla. 2d DCA 1993).
Pragmatically, one seeking declaratory relief must show that
there is a bona fide, actual present practical need for the declaration; that the declaration should deal with a present ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power or privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.
Martinez v. Scanlon, 582 So.2d 1167, 1170 (Fla.1991), quoting May v. Holley, 59 So.2d 636, 639 (Fla.1952).
Jackson is entitled to disability benefits in the amount of $40,000.00 a year, but, commendably, wishes to undergo training or education with the hope of acquiring an occupation. Given his circumstances and today’s job market, it is highly unlikely that any such occupation will enable him to earn as much as he is presently receiving under the policy. The trial court was persuaded that there was no actual controversy because Jackson had not actually enrolled in an educational or training program; however, we believe that is not a step Jackson should be required to take because his training could be completed prior to a final decision on the meaning of the policy language. Although the issue of whether there is an actual controversy is close, we conclude that the requirement has been met.
In Miami Dolphins, Ltd. v. Genden & Bach, P.A, 545 So.2d 294 (Fla. 3d DCA 1989), the appellees had purchased a ten year club seat license from the Miami Dolphins giving them exclusive use of certain seats, with a provision for an abatement in the event games were cancelled for various reasons including strikes. In 1987 the National Football League Players Union went oh strike, the Dolphins’ first home game was cancelled, and the remaining games were scheduled to be played with replacement players. The Dolphins announced a partial refund policy, and the plaintiffs sought declaratory relief so that they could make an informed decision as to whether to attend the games scheduled to be played with replacement players.
The trial court granted declaratory relief and the third district affirmed, concluding that there was an actual controversy, even though the plaintiffs had not taken the step of attending or not attending the game using *59 replacement players. The court observed that the “parties have a continuing relationship under the contract and are entitled to know the provision’s meaning.” Id. at 295.
Because requiring Jackson to take further action before having the meaning of the policy language declared by a court could result in his loss of substantial benefits under this policy, we conclude that the present action comes within the meaning and spirit of the Declaratory Judgment Act.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
KLEIN and STEVENSON, JJ., concur.