734 So.2d 1168 (1999)
Dorothy LEACH-WELLS, Appellant,
v.
CITY OF BRADENTON, a Florida municipal corporation, Appellee.
No. 97-05036.
District Court of Appeal of Florida, Second District.
June 18, 1999.
*1169 Bruce W. Pitzer, Sarasota, for Appellant.
William R. Lisch, Bradenton, for Appellee.
FULMER, Acting Chief Judge.
Dorothy Leach-Wells appeals the final judgment entered in favor of the City of Bradenton in her suit alleging a violation of the Sunshine Law, section 286.011, Florida Statutes (1995). The decision being challenged is the trial court's conclusion that, as a matter of law, an ad-hoc committee did not violate the Sunshine Law because the members never held a meeting and, furthermore, none was required. We do not agree with the trial court's conclusion but nevertheless, affirm.
This case arises out of a dispute regarding the procedures followed by the City of Bradenton in its award of a construction contract to build a municipal complex known as the City Centre. The procedural background of this case is important. The litigation underlying this appeal began on May 2, 1997, when Ms. Leach-Wells filed a four-count complaint against the City of which only counts one and two remained for consideration at the time the final judgment was entered. In count one, she alleged a Sunshine Law violation in the contractor selection process and sought to enjoin the City from proceeding with the project. In count two, she alleged that the City failed to give adequate notice as required by the Sunshine Law of a meeting of the City Council held on April 17, 1997, at which the final design of the project was approved. She sought to void the council's action taken at that meeting.
On May 27, 1997, a hearing was held on Ms. Leach-Wells' motion for temporary injunction directed at these two counts at which the following testimony was presented:

Count One: The ad-hoc committee
The Mayor testified that on June 12, 1996, at a City Council meeting, a selection committee was appointed to review the six proposals that had been submitted to the City in response to the Request for Proposals (RFP) issued for the City Centre Project. The committee was given the responsibility of reviewing the proposals and ranking or short-listing the top three firms. Those three firms would then make presentations to the City Council which would then select one firm with which to negotiate a contract for the construction of the project. The committee members were the city clerk, a local engineer, the public works director and a city councilman. It is not disputed that this committee was subject to the Sunshine Law.
It was originally intended that the committee members would individually complete an evaluation of the proposals, then meet publicly and rank the top three. However, the city clerk determined that no meeting was necessary when he telephoned his office while at an out-of-town meeting and inquired if all the evaluations had come in. He was told by his assistant that they had. He then inquired if there was going to be a meeting, and his assistant hesitated and said, "well, no, I don't think so." When asked why, she responded that there was no need. The city clerk testified that because it was apparent that everyone had listed the same three contractors, he instructed his assistant to go ahead and notify the three contractors so they would have time to "bone up" on their presentations. He also testified that one week before the July 3 meeting, at which the presentations would be made to the City Council, all of the firms that responded *1170 to the RFP had been notified to be ready to give presentations. All but one of the firms did, in fact, attend the meeting. The council members had been provided all six proposals for review, however, only the three short-listed firms made presentations.

Count Two: The April 17, 1997 meeting
The Mayor testified about the procedure followed to provide notice of the April 17, 1997 City Council meeting. He also explained that because of the question raised regarding the notice for this meeting, the City had already given notice that another meeting would be held for the purpose of reconsidering the action taken at the April 17 meeting to thereby cure any possible Sunshine Law violation.
At the conclusion of the temporary injunction hearing, the trial court announced, "I do not feel that the evidence presented today is sufficient for me to determine whether or not the plaintiff will ultimately prevail in this case." For that reason, the motion was denied. Ms. Leach-Wells did not appeal the trial court's ruling. Consequently, as the lawsuit moved forward, so did the project.[1]
The City filed a motion for final summary judgment that was heard on September 23, 1997, and after which, the trial court entered a final summary judgment in favor of the City based on the following findings. As to count one:
There is no issue of fact that there was no meeting of the review committee and under the particular circumstances of this case and due to the nature of responsibilities of this particular committee as set forth in the record of this case there is no legal requirement that there be a meeting.
As to count two:
While there is, in fact, an issue, as to the reasonableness of the notice of the April 17, 1997 Special Meeting of the Council any insufficiency of the notice of that meeting was in fact cured by reconsideration of the matter at the meeting of May 28, 1997.
Ms. Leach-Wells has appealed only the trial court's ruling on count one. The significance of the procedural history of this case as it pertains to count one is that the actions of the City to which count one is directed occurred in June of 1996 and, thereafter, were inextricably intertwined with the subsequent actions of the City in the development of the project and with the subsequent ruling of the trial court on count two, which was not appealed.
From our review of the record, it appears that no objection was made and no Sunshine Law violations were alleged by any contractor or citizen when the City first entertained, at a duly noticed meeting, presentations by the three contractors who were identified by the city clerk as the top three. This July 3, 1996 meeting was the first of several public meetings that were held for the purpose of negotiating a construction contract. Thus, the short-listing task was just the beginning of a series of steps that led to the negotiation of a final contract for the development of the City Centre project. By the time this suit was filed, almost one year later, the City had conducted approximately ten to fifteen public hearings on the project that were attended, collectively, by over one thousand citizens, and the City was already scheduled to fully reconsider its action taken at the April 17, 1997 meeting for the express purpose of curing the alleged Sunshine Law violation of which it had been put on notice prior to the commencement of this litigation.
After the final plans were reconsidered at the properly noticed meeting and *1171 approved, the City proceeded to construct the project. Therefore, the approval of the development contract and the subsequent construction of the City Centre have rendered impossible the granting of the relief sought in count one. The controversy, as a practical matter, is moot. Cf. Daniels v. Bryson, 548 So.2d 679, 681 (Fla. 3d DCA 1989)(injunction will not be granted where it appears the acts sought to be enjoined have already been committed and there is no showing that there is a reasonable probability that such acts will continue in the future). Nevertheless, we address the asserted Sunshine Law violation set forth in count one because, although this is not a case in which a pattern of conduct likely to be repeated has been alleged, we write to correct what we perceive to be a misinterpretation of the Sunshine Law.
The City successfully argued to the trial court that because of the way events unfolded in this case, a meeting of the committee was not necessary and because a meeting was never held, the Sunshine Law was not violated. The City correctly agrees that this committee is one that is subject to the Sunshine Law. See Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla.1974). However, the narrow question presented here is not whether the Sunshine Law applies but whether the committee was required to hold a meeting. If the committee's task to short-list the firms responding to the RFP was "formal action," a meeting was required. See § 286.011(1), Fla. Stat. (1995). And, if a meeting was required and none was held, a Sunshine Law violation occurred.
In its pristine form, uncluttered by specific facts, the question is more easily answered. However, against the facts in this case, the answer is troublesome because it is clear that the committee members never discussed their task with one another and never held any secret meetings. It is also clear from the record that neither the committee nor the Council set out to evade the Sunshine Law. In fact, there is no indication in the record that the Council was even aware that the committee may have violated the Sunshine Law when the Council first entertained the presentations from the short-listed bidders. Of course, under the statute, no intent to violate is required. See Gradison. Nevertheless, there is no question that the committee members' individual evaluations were tallied and acted upon, albeit by the unilateral action of the city clerk, which resulted in three bidders being selected to make presentations to the Council. Therefore, notwithstanding the somewhat unusual facts giving rise to the absence of a meeting, we conclude that the short-listing was formal action that was required to be taken at a public meeting. See Gradison; Silver Express.
Although we determine that the Sunshine Law was violated, for the reasons already expressed, and because we are confident that in the future the City will conduct all of its activities in an abundance of "sunshine," we affirm.
Affirmed.
NORTHCUTT and SALCINES, JJ., Concur.
NOTES
[1] Had Ms. Leach-Wells appealed the trial court's denial of her motion for temporary injunction, this court would have had the opportunity to review this matter before the project was completed and to direct that the City be enjoined from entering into a final contract with the developer until after such time as the ranking of the proposals could be accomplished in compliance with the Sunshine Law. See Silver Express Co. v. District Board of Lower Tribunal Trustees, 691 So.2d 1099 (Fla. 3d DCA 1997).