NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| DENNIS RIBAYA, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. 2D13-4549 |
| | ) |
| THE BOARD OF TRUSTEES OF THE | ) |
| CITY PENSION FUND FOR | ) |
| FIREFIGHTERS AND POLICE | ) |
| OFFICERS IN THE CITY OF TAMPA, | ) |
| | ) |
| Appellee. | ) |
| | ) |

Opinion filed April 8, 2015.

Appeal from the Circuit Court for
Hillsborough County; Christopher C.
Sabella, Judge.

David M. Snyder of David M. Snyder
Professional Association, Tampa, for
Appellant.

Paul A. Daragjati and Robert D. Klausner
of Klausner, Kaufman, Jensen & Levinson,
Plantation, for Appellee.

Jonathan D. Kaney, Jr., of Kaney & Olivari,
P.L., Ormond Beach, for Amici Curiae First
Amendment Foundation, Florida Chapter
Reporters' Committee for Freedom of the
Press, Florida Press Association, Florida
Scholastic Press Association, Society of
Professional Journalists, Creative Loafing
Tampa, LLC, and Sandra F. Chance, J.D.,
as Executive Director of Brechner Center

for Freedom of Information, in Support of
Appellant.

ALTENBERND, Judge.

Dennis Ribaya appeals an order dismissing his second amended complaint with prejudice. In his complaint, he alleged a violation of subsection 286.011(1), Florida Statutes (2012), often called "the Sunshine Law," and also sought declaratory relief under Chapter 86, Florida Statutes (2012), the Declaratory Judgment Act, concerning actions of the Board of Trustees of the City Pension Fund for Firefighters and Police Officers in the City of Tampa (the Board). Specifically, he sought a declaration that: (1) his conduct at a meeting in June 2012 did not violate Policy 109, which regulated conduct at the meeting; (2) his exclusion from one or more public meetings based on the Board's decision that he had violated the policy was a violation of the Sunshine Law; and (3) the violation of the Sunshine Law voided all actions taken by the Board at those meetings. The circuit court dismissed the action, not because it failed to state a cause of action, but because the circuit court determined that the issues alleged were moot and unworthy of declaratory relief. Discussing our standard of review in greater detail in this opinion, we conclude that the trial court erred in dismissing this action without reaching its merits. In the context of an action for declaratory relief that is filed to enforce the Sunshine Law, the fact that the conditions allegedly resulting in the violation have been resolved does not necessarily render the action moot where it is unclear from the pleadings whether a violation has occurred and whether a remedy would be required for such violation. It may be that the circuit court will ultimately rule against Mr. Ribaya on one or more of these three issues, but the

matter could not be dismissed on the pleadings alone.  Accordingly, we reverse and remand for further proceedings.

## I.  THE PROCEEDINGS IN THE CIRCUIT COURT

According to his second amended complaint, Mr. Ribaya is a retired firefighter who receives a pension from the fund that is administered by the Board.  He attended a meeting of the Board on June 28, 2012.  During a break when the meeting was in recess, someone asked him if he expected a timely response to a public records request that he apparently had made to the Board.  Mr. Ribaya's pleading alleges that "in a low, soft voice" he replied:  "Sh*t, no."[1]

His conduct apparently offended others in attendance at the meeting.  At the time, the Board's policy concerning disruptions at its meetings was Policy 109, which in its entirety stated:

> Any disruption of a board meeting or pension office operations, whether verbal or up to and including physical violence, will not be tolerated.  Anyone disrupting a meeting or pension office operations will be issued a 90 day trespass warning, will be asked to leave the building, and should they refuse to leave or return to the building while the trespass warning is in effect, they will be subject to arrest for trespassing.
>
> This action will in no way inhibit any person from the ability to conduct pension business by phone, mail, fax, or email.

The Board relied on this policy and had a police officer deliver a trespass warning to Mr. Ribaya immediately before its next meeting on July 25, 2012.  To avoid

---

[1]Mr. Ribaya attached to his pleading a digital recording allegedly of the public meeting, claiming that no disruption is discernable on the tape.  We have assumed the truth of the pleading but have not reviewed the recording; we have no authority to make any factual finding relating to that attachment.

arrest, he did not attend that meeting. Despite written requests to the Board, at least one of which was from his attorney, Mr. Ribaya was not allowed to attend the public meetings until after the ninety-day period expired. Thus, he was allegedly barred from the monthly meetings in July, August, and September.

Mr. Ribaya did not sue the Board under any theory that might have allowed him to obtain a monetary judgment for some civil wrong. Instead, his complaint alleged a violation of the Sunshine Law and sought declaratory relief. He claimed that his exclusion from the meetings was not warranted under Policy 109, and that under section 286.011(1), his wrongful exclusion from the meetings violated Florida's Sunshine Law. Finally, he claimed that the only appropriate remedy for this violation required voiding all actions taken at those meetings.

By the time the circuit court dismissed this action, the ninety-day period had expired and the Board had adopted a new policy to address disruptions at its meetings. Thus, there can be no dispute that aspects of the overall controversy had become moot. The circuit court entered an order carefully explaining its reasons for dismissing this action with prejudice. Although we reverse that order, its content has been very helpful during our review.

The circuit court accurately noted that Mr. Ribaya was not challenging the facial validity of Policy 109. The court concluded that the "real issue" was whether Mr. Ribaya was wrongfully issued a trespass warning. Given the change in circumstances, as to this issue, the court concluded that there was no present dispute and that the mere possibility of a dispute in the future did not justify the full adjudication of an action for declaratory relief. It recognized that there was "no precise Florida case on point" on

- 4 -

the question of whether the use of the trespass statute can be a violation of the Sunshine Law.  Nevertheless, concluding that a public body has the authority to ensure orderly conduct at its meetings without violating the Sunshine Law, it saw no reason to reach the merits of the complaint.  It relied, in part, on this court's decision in <u>Leach-Wells v. City of Bradenton</u>, 734 So. 2d 1168 (Fla. 2d DCA 1999), in which we affirmed a summary judgment in favor of the defendant in an action to enjoin a public construction project despite the defendant's technical violation of the Sunshine Law.  Mr. Ribaya appeals the trial court's order of dismissal.

## II.  THE STANDARD OF REVIEW FOR AN ORDER DISMISSING AN ACTION FOR DECLARATORY RELIEF

Because the second amended complaint was dismissed with prejudice on a motion to dismiss, we are required to assume the truth of the well-pleaded facts.  <u>See, e.g.</u>, <u>X Corp. v. Y Person</u>, 622 So. 2d 1098, 1100 (Fla. 2d DCA 1993).  There is likely more to this story, but both the circuit court and this court must assume that Mr. Ribaya was barred from public meetings due to his quiet use of a single word of profanity in the public section while the Board's meeting was in recess.

The parties argue that this case is governed by two distinctly different standards of review.  Relying on this court's decision in <u>Angelo's Aggregate Materials, Ltd. v. Pasco County</u>, 118 So. 3d 971, 973-74 (Fla. 2d DCA 2013), Mr. Ribaya claims that we should perform a de novo review of the dismissal as a pure issue of law.  The Board, relying on <u>Abruzzo v. Haller</u>, 603 So. 2d 1338, 1339 (Fla. 1st DCA 1992), and other similar cases, argues that we should give great deference to the circuit court's ruling and reverse only in the event of an abuse of discretion.  There is little question that the case law discussing the standard of review for an order dismissing an action for

declaratory relief under chapter 86, at least if read outside its context, presents two or more views. To the largest extent, however, we believe the case law can be reconciled.

A complaint for declaratory relief under chapter 86, like any other complaint, must be legally sufficient. In general, the complaint must allege that: (1) there is a bona fide dispute between the parties; (2) the plaintiff has a justiciable question as to the existence or nonexistence of some right, status, immunity, power or privilege, or as to some fact upon which existence of such a claim may depend; (3) the plaintiff is in doubt as to the claim; and (4) there is a bona fide, actual, present need for the declaration.[2] See State Farm Mut. Auto. Ins. Co. v. Wallace, 209 So. 2d 719, 721 (Fla. 2d DCA 1968). A complaint can be legally sufficient even if the plaintiff ultimately loses the case on its merits. See X Corp., 622 So. 2d at 1101; accord Murphy v. Bay Colony Prop. Owners Ass'n, 12 So. 3d 924, 926 (Fla. 2d DCA 2009). Thus, when a defendant challenges a complaint for declaratory relief on the ground that it fails to state a cause of action, i.e., that it is legally insufficient, the trial court rules on that motion as a matter of law.[3] In that situation, this court reviews the order de novo as an issue of law. See, e.g., Combs v. City of Naples, 834 So. 2d 194, 197 (Fla. 2d DCA 2002) (affirming trial court's dismissal of count for declaratory judgment after performing de novo review).

_____

[2]As we explain in more detail later in this opinion, the first and fourth elements requiring a "bona fide dispute" and a "bona fide need" are not found in chapter 86; they were judicially created.

[3]A purist might argue that chapter 86 is a remedial statute that provides a statutory remedy to resolve legal questions when the plaintiff does not quite have a "cause of action." Nevertheless, the case law consistently refers to actions brought under chapter 86 as causes of action. That is certainly the function served by the statute.

But beyond legal sufficiency, the case law has created a gatekeeper function for the trial court.  The trial court, within its sound discretion, may dismiss an action that technically states a cause of action when the circumstances do not justify using legal resources to try the factual issue and resolve the legal questions.  See, e.g., Abruzzo, 603 So. 2d at 1339.

The need for this gatekeeper function arises from the breadth of the potential statutory cause of action created in chapter 86.  The goals of the Declaratory Judgment Act are to relieve litigants of the common law rule that a declaration of rights cannot be adjudicated unless a right has been violated, and to render practical help in ending controversies that have not reached the stage where other legal relief is immediately available.  Bell v. Associated Indeps., Inc., 143 So. 2d 904, 907-08 (Fla. 2d DCA 1962); see also State, Dep't of Educ. v. Glasser, 622 So. 2d 1003, 1006 (Fla. 2d DCA 1992), rev'd on other grounds, 622 So. 2d 944 (Fla. 1993).  To further these goals, the use of declaratory judgments should be "liberal[ly]" construed and its "boundaries" should be "elastic."  Bell, 143 So. 2d at 908; X Corp., 622 So. 2d at 1100; accord Jackson v. Fed. Ins. Co., 643 So. 2d 56, 58 (Fla. 4th DCA 1994).

Unfortunately, any such ubiquitous tool can be used for a wrong purpose.  Thus, the case law warns that chapter 86 is a statute with "special objectives" that should not be "perverted" by permitting its use as a "catch-all."  See Mayes Printing Co. v. Flowers, 154 So. 2d 859, 862 (Fla. 1st DCA 1963).  To ensure that this does not occur, the courts have developed requirements to invoke the act that go beyond the wording of the act itself: that there is a "bona fide dispute" between the parties and a "bona fide . . . need for [a] declaration."  See State, Dep't of Envtl. Prot. v. Garcia, 99

So. 3d 539, 544 (Fla. 3d DCA 2011); Britamco Underwriters, Inc. v. Cent. Jersey Invs., Inc., 632 So. 2d 138, 139 (Fla. 4th DCA 1994); see also X Corp, 622 So. 2d at 1100-01. Although these requirements have been developed as essential elements necessary to plead a cause of action under chapter 86, they play an additional role in the context of the court's gatekeeping function. That is, once a trial court determines that a plaintiff has sufficiently pleaded the essential elements for a declaratory action, circumstances beyond the pleadings may be apparent and may signal to the trial court that there is not a bona fide need for declaratory relief. For example, in looking beyond the pleadings, it may become clear to the trial court that the act "is being used . . . to foster frivolous or useless litigation, to satisfy idle curiosity or to answer abstract questions." See X Corp., 622 So. 2d at 1102.

Thus, after the trial court determines as a matter of law that the complaint is legally sufficient, performing its gatekeeping function, it has the authority to decline to adjudicate the claim when the circumstances do not warrant expending the legal resources to do so. A trial court may occasionally have the ability to perform this gatekeeping function when ruling on a motion to dismiss. But it is difficult for a trial court to justify its discretionary act of dismissal at that stage unless the parties have made stipulations or concessions on the record or the complaint contains a detailed and complete recitation of the facts and legal issues. In most instances, the discretionary decision to dismiss an action for declaratory relief because it is unworthy of adjudication is a decision that focuses on whether the matter involves a "bona fide dispute" and a

- 8 -

"bone fide need." These issues make the decision more akin to a summary judgment.[4]

See, e.g., Leach-Wells v. City of Bradenton, 734 So. 2d 1168 (Fla. 2d DCA 1999) (affirming summary judgment despite technical violation of the Sunshine Law). When the trial court dismisses an action for declaratory relief with prejudice in this gatekeeping function, we review that decision for abuse of discretion. See Palumbo v. Moore, 777 So. 2d 1177 (Fla. 5th DCA 2001) (holding that trial court abused its discretion in dismissing with prejudice counts for declaratory judgment where pleadings adequately stated cause of action under chapter 86).

The district courts occasionally review an order dismissing an action for declaratory judgment that seems to fit into a third category. Mr. Ribaya's case appears to fit this category. In these cases, the trial court enters an order of dismissal in the alleged exercise of its discretion under its gatekeeping function, but in fact makes a legal declaration as to the dispute in its order. Sometimes that declaration is express and other times it is implicit. This normally occurs when the trial court has decided that it is clear that the plaintiff is going to lose the lawsuit on the merits, usually as a matter of law. Rather than enter a judgment declaring an issue of law that seems obvious to the trial court, it dismisses the action for failure to allege a "bona fide" issue.

The standard of review for this third category is more complex and involves at least two steps. First, the circuit court does not have "discretion" to determine the applicable law that governs the dispute; that is a question of law that should be reviewed de novo. Second, whether the legal issue is so settled or perhaps

---

[4]Unlike a summary judgment, it may be possible for a trial court to make a discretionary decision to dismiss an action for lack of a bona fide dispute or need even if some factual dispute exists.

so insignificant that it does not warrant the issuance of a binding judgment on the merits is an issue for which the trial court should have discretion. However, when the trial court essentially enters a declaratory judgment as to one or more significant, disputed issues while describing the judgment as an order of dismissal, the role of discretion is limited.[5] See Prop. Rights Prot. Grp., Inc. v. City of Tampa, 627 So. 2d 61 (Fla. 2d DCA 1993) (reversing order of dismissal with prejudice that expressly declared statute and related ordinances to be unconstitutional on their face and as applied to plaintiffs); see also Phantom of Clearwater, Inc. v. Pinellas Cnty., 894 So. 2d 1011 (Fla. 2d DCA 2005) (affirming in part and reversing in part an order of dismissal that expressly declared an ordinance to be constitutional). This is true because, even if the answer to the requested declaration seems obvious to the trial judge and the plaintiff is destined to lose, the parties may still need a binding disposition on the merits, which a dismissal does not provide.

Finally, the standard of review of an order dismissing an action for declaratory judgment is somewhat different in the context of a Sunshine Law challenge. Section 286.011 creates broad public access to governmental meetings. This statute implements the constitutional right of access created in Article I, section 24, of the Florida Constitution. Subsection 286.011(4) clearly contemplates legal actions by members of the public to enforce the Sunshine Law. See § 286.011(4) (providing for

---

[5]Freedom Properties v. Alderman, 589 So. 2d 424 (Fla. 2d DCA 1991), is a case in which the trial court appropriately ordered dismissal based on well-established law. In Alderman, this court affirmed the dismissal of a complaint seeking a declaration of entitlement to homestead exemptions where the plaintiffs were residents of a retirement community and did not have legal or equitable title to any portion of the community's property. See id. at 424-25.

attorney's fees where "an action has been filed . . . to enforce the provisions of this section" and the trial court determines that a violation has occurred).

But section 286.011 does not contain an express right of action. As a result, it has become common for litigants to file actions for claims under the Sunshine Law that allege a claim for violation of the statute and a claim for declaratory relief. In effect, the litigant alleges a claim under section 286.011 and seeks a remedy under chapter 86. The second-amended complaint in this case is such a complaint. When the allegations of a complaint under the Sunshine Law allege a potential violation of that law, a trial court's discretion to dismiss the complaint with prejudice on a motion to dismiss should be very limited.

### III.  MR. RIBAYA'S LAWSUIT WAS NOT RIPE FOR A GATEKEEPER'S DISMISSAL

At the beginning of this opinion, we explained that Mr. Ribaya sought a declaration that: (1) his conduct at a meeting in June 2012 did not violate Policy 109, which regulated conduct at the meeting; (2) his exclusion from one or more public meetings based on the Board's decision that he had violated the policy was itself a violation of the Sunshine Law; and (3) the violation of the Sunshine Law voided all actions taken by the Board at those meetings. Because the trial court and this court must accept the well-pleaded facts, the first proposition—i.e., that Mr. Ribaya did not violate Policy 109—was not a matter that could be resolved against him on the motion to dismiss. The trial court, in fact, did not resolve that issue but, instead, concluded that it was moot. Except for the effect of this issue on the Sunshine Law issues, that would seem to have been a reasonable resolution.

- 11 -

The difficulty in this case arises because the second and third questions to which Mr. Ribaya seeks a declaration appear to be bona fide legal questions without a well-settled answer. As to Mr. Ribaya's second question, there does not appear to be any dispositive case addressing whether a wrongful exclusion of a member of the public from such a meeting based on a claim of disturbance is or is not a violation of the Sunshine Law. No one can seriously debate that those in charge of public meetings can have rules governing decorum. The need to maintain order at public meetings is critical to the effective functioning of a government that values public input and welcomes sunshine at such meetings. But policies to assure order have the potential to be misused to silence opposing views. Without prejudging the issue in any manner, we cannot say that the exclusion of Mr. Ribaya was or was not a violation of section 286.011.

Assuming there was a violation of the Sunshine Law, the limited body of case law tends to support Mr. Ribaya's argument on his third proposition that such a violation requires the court to void all action that occurred at the affected meetings. The statute itself states that "no resolution, rule, or formal action shall be considered binding except as taken or made at [a public meeting in compliance with the statute]." § 286.011(1). The early case law held that a violation of the act voided an ordinance "ab initio." See Town of Palm Beach v. Gradison, 296 So. 2d 473, 477 (Fla. 1974) ("Mere showing that the government in the sunshine law has been violated constitutes an irreparable public injury so that the ordinance is void [a]b initio."). More recent cases also apply this remedy. See, e.g., Grapski v. City of Alachua, 31 So. 3d 193, 200 (Fla. 1st DCA 2010); Sarasota Citizens for Responsible Gov't v. City of Sarasota, 48 So. 3d

- 12 -

755, 763 (Fla. 2010) (declaring void ab initio City's approval of minutes made after sunshine violation).

Other case law, however, has recognized that a violation of the law can be "cured" by remedial action. See Bruckner v. City of Dania Beach, 823 So. 2d 167, 172 (Fla. 4th DCA 2002). Our decision in Leach-Wells v. City of Bradenton, 734 So. 2d 1168 (Fla. 2d DCA 1999), involved a situation in which the violation was cured. The Board in this case does not argue that it cured any violation. It may be that a Sunshine Law violation that results in the absence of a single member of the audience at a public meeting, a spectator without a role to play concerning any item on the agenda, justifies a remedy less severe than voiding all action at the meeting. But this apparently is not an issue that has been resolved by prior precedent.

In sum, although there appears to be no case law squarely resolving the third issue—whether a wrongful exclusion of Mr. Ribaya would void actions taken at the meeting—there is legal support for that proposition. If Mr. Ribaya's exclusion is indeed a violation that voids all actions taken at these meetings, then this remedy would be necessary even after Policy 109 was rewritten. Thus, it cannot be claimed that Mr. Ribaya's legal dispute with the Board was moot when the case was dismissed. In the absence of established law or more developed facts, the trial court abused its discretion in dismissing what appears on the face of the complaint to be a bona fide dispute in need of resolution.

It may be that Mr. Ribaya ultimately will not prevail on one or all three of his issues, but at this stage, his action could not be dismissed with prejudice.

Reversed and remanded.


NORTHCUTT and CRENSHAW, JJ., Concur.