# Third District Court of Appeal

## State of Florida

Opinion filed November 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0225
Lower Tribunal Nos. 19-9697CC, 20-210AP

_____

## Imperial Fire & Casualty Insurance Company,
Appellant,

vs.

## Ariel Acosta, et al.,
Appellees.

An appeal from the County Court for Miami-Dade County, Diana Gonzalez-Whyte, Judge.

McFarlane Law, and William J. McFarlane, III, and Michael K. Mittelmark, for appellant.

Cole, Scott & Kissane, P.A., and Mark D. Tinker (Tampa); Jose A. Dapena, P.A., and Jose A. Dapena; Douglas H. Stein, P.A., and Douglas H. Stein, for appellees.

Before SCALES, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Imperial Fire & Casualty Insurance Company, challenges a final order dismissing its complaint for declaratory relief. In the lower court proceedings, Imperial sought a judicial declaration that the policy it issued to appellee, Ariel Acosta, was properly rescinded due to material misrepresentation. Concluding the complaint stated a facially sufficient claim for declaratory relief, we reverse.

**BACKGROUND**

Acosta was the named insured under the policy. During the policy period, Arcelio Valdes was involved in a motor vehicle accident while operating Acosta's motor vehicle. He and two passengers sustained bodily injuries and received treatment at various healthcare facilities. The three then assigned their rights to obtain insurance benefits to appellees, GLG Rehabilitation Center, Inc., Advanced Health Imaging, LLC, and Variety Children's Hospital d/b/a Nicklaus Children's Hospital. The entities subsequently submitted claims for benefits under the policy.

While investigating the claims, Imperial purportedly learned that Acosta failed to disclose Valdes as a household resident or an additional driver on the application of insurance. Contending this failure constituted a material misrepresentation, Imperial rescinded the policy, returning all earned

2

premiums to Acosta.  Declaring the policy void ab initio, it then denied all claims for benefits.

Imperial then filed a single-count declaratory action against Acosta, Valdes, the injured passengers, and the various medical providers in the county court.  In the complaint, it requested "the court ratify and affirm [the] rescission of its policy of insurance."  After the complaint was filed, appellees filed suit separately against Imperial, seeking the payment of their respective claims.

All appellees, save Variety, moved to dismiss the complaint for declaratory relief.  They contended the complaint was facially deficient or, alternatively, the issues raised by Imperial were capable of resolution in the companion litigation.  The trial court concluded the claim for declaratory relief was facially insufficient and granted dismissal.  The instant appeal ensued.

**STANDARD OF REVIEW**

We review de novo "whether the complaint alleges sufficient ultimate facts, which under any theory of law, would entitle a plaintiff to the relief sought."[1]  Cohen v. Am. Home Assurance Co., 367 So. 2d 677, 681 (Fla. 3d DCA 1979).

---

[1] Our review is confined to whether the complaint stated a cause of action. Thus, it has no bearing on the ultimate issue of whether relief should be afforded.  See Ribaya v. Bd. of Trs. of City Pension Fund for Firefighters &

3

**ANALYSIS**

Florida's Declaratory Judgment Act (the "Act"), codified in chapter 86 of the Florida Statutes, confers jurisdiction upon the circuit and county courts "within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed." § 86.011, Fla. Stat. (2021). Under the Act,

> [a]ny person claiming to be interested or who may be in doubt about his or her rights under a . . . contract . . . or instrument in writing or whose rights, status, or other equitable or legal relations are affected by . . . contract . . . or instrument in writing may have determined any question of construction or validity.

§ 86.021, Fla. Stat. Permissible actions include those initiated for "the resolution of a doubt or the removal of a peril, rather than redress for an injury already inflicted." David L. Dickson, <u>Declaratory Judgments in Florida: Jurisdiction and Judicial Discretion</u>, 27 U. Miami L. Rev. 47, 60 (1972).

---

<u>Police Officers in Tampa</u>, 162 So. 3d 348, 352 (Fla. 2d DCA 2015) ("A complaint can be legally sufficient even if the plaintiff ultimately loses the case on its merits."); <u>Royal Selections, Inc. v. Fla. Dep't of Revenue</u>, 687 So. 2d 893, 894 (Fla. 4th DCA 1997) ("A motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a declaration in its favor."); <u>Travelers Ins. Co. v. Emery</u>, 579 So. 2d 798, 802 (Fla. 1st DCA 1991) ("All the criteria necessary to permit the lower court to consider Travelers' petition for declaratory judgment were satisfied, and the lower court erred in adjudging the petition to be 'premature.' We express no opinion regarding whether the policy exclusion at issue applies to the facts alleged or not.").

In enacting the Act, the legislature foresaw the need for the construction of contractual rights. To that end, it statutorily authorized courts to construe a contract "either before or after there has been a breach of it." § 86.031, Fla. Stat.

A viable complaint for declaratory relief must allege, at a minimum, that:

> (1) there is a bona fide dispute between the parties; (2) the plaintiff has a justiciable question as to the existence or nonexistence of some right, status, immunity, power or privilege, or as to some fact upon which existence of such a claim may depend; (3) the plaintiff is in doubt as to the claim; and (4) there is a bona fide, actual, present need for the declaration.

Ribaya, 162 So. 3d at 352. These elements are necessary "to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the court." Martinez v. Scanlan, 582 So. 2d 1167, 1170 (Fla. 1991) (quoting May v. Holley, 59 So. 2d 636, 639 (Fla. 1952)). This is because our legislature "never intended, and lacks the power to, allow declaratory judgment procedures as a vehicle for obtaining advisory opinions." Mandarin Lakes Cmty. Ass'n, Inc. v. Mandarin Lakes Neighborhood Homeowners Ass'n, Inc., 322 So. 3d 1196, 1199 (Fla. 3d DCA 2021).

In the instant case, the complaint sought a determination of whether the omission of Valdes from the policy application constituted a

5

misrepresentation sufficient to justify rescinding the policy. Imperial alleged it harbored uncertainty, along with the other requisite declaratory relief elements, albeit in a relatively conclusory manner. Indeed, one passage of the complaint deemed the declaration necessary "to construe the provisions of [the insurance] contract and statute and determine whether the misrepresentations, omissions and/or concealment of facts regarding the application for insurance were material thereby justifying denial of benefits and coverage and rescission of the policy." Viewed as a whole, these allegations were sufficient to survive dismissal.

Appellees contend, however, that because the complaint inescapably yields the conclusion Imperial was seeking a post hoc judicial ratification of its past decision, any declaration would be merely advisory. Putting aside the fact that Imperial alleged uncertainty, any doubt as to the practical need for a declaration was assuaged by the fact that appellees separately filed suit seeking the payment of insurance benefits. Although no party should be rewarded for winning the race to the courthouse, the propriety of the rescission indubitably requires resolution. Consequently, we conclude the trial court erred in granting dismissal.

In closing, we echo the sentiment penned nearly seventy years ago by Justice Sebring in Stark v. Marshall, "[a]lthough our Declaratory Decree Act

6

is broad in its scope and should be liberally construed in order to effectuate its purpose, it was never intended that it should supplant all other types of civil procedure known to our jurisprudence." 67 So. 2d 235, 236 (Fla. 1953). In accord with this principle, our decision should not be construed as precluding the consolidation of this matter with the companion litigation.

Reversed and remanded.