# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3245
LT Case No. 2023-CA-1374

_____

SHERMAN HILLS HOMEOWNERS
ASSOCIATION, INC.,

     Appellant,

     v.

BRANDON GIBSON, BETTY HIGGS,
ANDREW OLSON, WILSON PEREZ,
BUDDY JAY JIMMERSON, SR.,
BRITTANY WEAVER, RANDALL
DUTCH, CATHERINE DUTCH,
JONATHAN MENDEZ, ALBA
MARTINEZ, LIONEL BROWN,
HAZEL BROWN, ARMANDO
SIERRA, ET AL,

     Appellees.

_____


On appeal from the Circuit Court for Hernando County.
Pamela Stinnette Vergara, Judge.

Duane A. Daiker, Jonathan J. Ellis, Kathleen G. Reres, and
Colleen R. McInerney, of Shumaker, Loop & Kendrick, Tampa,
for Appellant.

Beth Powers and Stephen Powers, Brooksville, pro se.

Justin R. Clark, of Attorneys Justin Clark & Associates, PLLC, Maitland, for Appellees, Brittany Weaver, Wilson Perez, Andrew Olson, Randall Dutch, Catherine Dutch, Jonathan Mendez, Betty Higgs, Jerry Jones, and Nancy Humphreys.

No Appearance for Remaining Appellees.


March 7, 2025


HARRIS, J.

Sherman Hills Homeowners Association, Inc. (the "Association"), appeals the trial court's order sua sponte dismissing its complaint with prejudice, discharging lis pendens, and denying its motion for leave to amend the complaint. Because we find that the trial court erred in dismissing the complaint with prejudice, we reverse and remand for further proceedings.

On July 14, 2023, the Association filed a complaint asserting a claim for declaratory relief and numerous counts of unjust enrichment against various property owners ("Appellees"). According to the complaint, the Association was responsible for maintaining all common areas within the community where Appellees lived, including the clubhouse, pool, streetlights, and other common facilities. The land which is the subject matter of the lawsuit was comprised of two sections of land platted into individual lots for residential single-family homes, roads and drainage retention areas, and one tract of land containing a recreation area for common use. The subject land is identified on three different plats, recorded in the Hernando County public records and referred to as Section 3, "Phase V, and Tract A. Appellees own the properties located within Section 3 and Phase V.

The original developer recorded a Declaration of Covenants, Conditions and Restrictions of Sherman Hills in 2001 (the "2001

2

Declaration"). The 2001 Declaration encumbered the land in Tract A and allowed for the addition of land in the future.

Two years later, the developer deeded Section 3 to a second developer, Sherman Hills, LLC. The deed subjected Section 3 to the 2001 Declaration. In October 2007, Sherman Hills, LLC amended the 2001 Declaration to add Section 3, but for unknown reasons in 2010, it recorded an amendment to the Declaration removing Section 3. Between November 2013 and February 2015, a third developer, LGI Homes Group, LLC ("LGI") purchased certain lots within Section 3. Because Section 3 was previously subject to the 2001 Declaration which initially identified the Association as the entity with authority to enforce the Declaration, LGI "erroneously operated as if the 2001 Declaration governed Section 3 and it failed to record a new declaration of covenants, conditions and restrictions governing Section 3."

In July 2016, LGI began selling lots within Section 3 to individual buyers, including Appellees. Each individual deed between LGI and the buyers stated that the property is "subject to covenants, restrictions, easements of record and taxes for the current year and subsequent years." On July 7, 2017, LGI transferred Tract A to the Association for the benefit of the residents in Section 3.

Appellees and the other property owners were provided with a homeowners' disclosure notice and paid assessments to the Association for varying amounts of time before Appellees ceased payment. The Association used these assessments to fund maintenance of the common areas. The Association maintained the common areas for several years before it discovered in March 2020 that the 2001 Declaration does not encumber Section 3, Phase V, and Tract A. In an attempt to correct LGI's error, the Association "prepared and filed" the Amended and Restated Declaration of Covenants, Conditions and Restrictions of Sherman Hills Homeowners Association, Inc. (the "Amended Declaration") in March 2020. The Association then asked all property owners in Section 3 and Phase V to sign joinders acknowledging that their lots are subject to the Amended Declaration and they are obligated to pay assessments for common expenses. The majority of homeowners signed the joinder agreements, but Appellees refused,

"despite having been aware that they were purchasing homes within a deed-restricted community" and despite benefiting from the amenities maintained by the Association. Accordingly, the Association sought a declaration that Appellees are subject to the Association's restrictive covenants and sought damages due to Appellees' continued use of Association property and common areas without paying their fair share of assessments.

On September 6, 2023, after an in-chambers review of the complaint, the trial court issued an Order and Notice of Intent to Sua Sponte Dismiss Complaint (the "notice of intent to dismiss"), asserting the Association failed to state causes of action for declaratory relief and unjust enrichment. The court gave the Association twenty days to file a response to the order, otherwise it would dismiss the complaint with prejudice.

On September 26, the Association timely filed its response to the order, requesting that the court permit the suit to move forward on its merits, or alternatively, grant leave to amend the complaint. Additionally, the Association addressed each of the specific concerns raised by the trial court. The Association attached its proposed amended complaint to its response, clarifying the facts supporting its allegations. However, the Association did not amend the allegations in its declaratory action claim or unjust enrichment claims, as it explained in its response to the court's notice of intent to dismiss that it had asserted valid causes of action. The Association subsequently filed a motion for leave to amend its complaint in accordance with Florida Rule of Civil Procedure 1.190. The Association attached the proposed amended complaint, which included language from the governing documents showing Appellees acknowledged the existence of the Association. Once again, after an in-chambers review of the Association's responses and motion for leave to amend, the trial court dismissed the complaint with prejudice, discharged the lis pendens, and denied the motion for leave to amend. This appeal followed.

In reviewing an order dismissing a complaint for failure to state a cause of action, a de novo standard of review is applied. *See Ribaya v. Bd. of Trs. of City Pension Fund for Firefighters & Police Officers in City of Tampa*, 162 So. 3d 348, 352–53 (Fla. 2d DCA

4

2015); *Cape, LLC v. Och-Ziff Real Est. Acq. LP*, 370 So. 3d 1010, 1014 (Fla. 5th DCA 2023). Beyond the legal sufficiency of a claim for declaratory relief, a trial court has discretion to "dismiss an action that technically states a cause of action when the circumstances do not justify using legal resources to try the factual issue and resolve the legal questions." *Ribaya*, 162 So. 3d at 353. An order denying a motion for leave to amend is also reviewed for an abuse of discretion. *See Saidi v. Saqr*, 207 So. 3d 991, 992 (Fla. 5th DCA 2016).

The Association argues that in dismissing the complaint, the court improperly went beyond the allegations of the complaint, and, taking the factual allegations as true, it can be inferred from the complaint that the lot owners and LGI intended for the lots to be bound by the 2001 Declaration when purchasing the lots, evidenced by the homeowners' disclosure forms and purchase agreements. We agree.

"The test of the sufficiency of a complaint in a declaratory judgment action is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention but whether he is entitled to a declaration of rights at all." *Orange County v. Expedia, Inc.*, 985 So. 2d 622, 624 (Fla. 5th DCA 2008) (quoting *S. Riverwalk Invs., LLC v. City of Fort Lauderdale*, 934 So. 2d 620, 622 (Fla. 4th DCA 2006)). In seeking declaratory relief, the plaintiff must show:

> [T]here is bona fide, actual, present practical need for declaration; that the declaration should deal with present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of complaining party is dependent on fact or law applicable to facts; that there is some person or persons who have, or reasonably may have actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not

5

> merely giving of legal advice by the courts or the
> answer to questions propounded from curiosity.

*Palumbo v. Moore*, 777 So. 2d 1177, 1178 (Fla. 5th DCA 2001). It is unclear whether the trial court dismissed the complaint for failure to state a cause of action or whether it was exercising its gatekeeping function as "the circumstances do not justify using legal resources to try the factual issue and resolve the legal questions." *See Ribaya*, 162 So. 3d at 353. In its order of dismissal, the court explained that "[t]he allegations in the proposed amended complaint do not rectify the legal insufficiency of [the Association's] initial complaint that the Court previously addressed." The court also explained that the Association failed to establish that there was a bona fide dispute regarding a doubt as to the rights of the parties under the Amended Declaration and thus the court had no jurisdiction to issue declaratory relief.

We find that the court erred in dismissing the Association's complaint because it sufficiently pled a cause of action for declaratory relief and established a bona fide dispute in need of resolution. In addition to alleging the required elements for a declaratory relief claim, the Association's complaint and proposed amended complaint alleged that it "is in doubt as to whether . . . [Appellees] and their Properties are subject to the recently-recorded Declaration," which mirrored the 2001 Declaration, considering all property owners were on notice that the properties would be subject to restrictive covenants and HOA assessments, and it needed the court to determine whether Appellees and other property owners were subject to such Declaration so the parties know how to proceed on current obligations such as payment of assessments, use of the common areas, and compliance with the Declaration.

The Association also argues that it adequately alleged all necessary elements and material facts to support its unjust enrichment claims. Unjust enrichment "is a legal fiction designed to permit recovery by contractual remedy in those cases where there is no contract." *Dooley v. Gary the Carpenter Constr., Inc.*, 388 So. 3d 881, 883 (Fla. 3d DCA 2023). Recovery is warranted under such claim "where it is deemed unjust for one party to have received a benefit without having to pay compensation for it." *Id.*

6

(quoting *14th & Heinberg, LLC v. Terhaar & Cronley Gen. Contractors, Inc.*, 43 So. 3d 877, 880 (Fla. 1st DCA 2010)). To establish a claim for unjust enrichment, a plaintiff must establish that (1) it conferred a benefit on the defendant, who has knowledge of the benefit; (2) the defendant accepted and retained the conferred benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it. *See 14th & Heinberg*, 43 So. 3d at 881.

The complaint here alleged the required elements for unjust enrichment. Specifically, that the Association maintained, at its expense, several common areas such as streetlights, drainage retention areas, irrigation systems, the community clubhouse, pool, tennis courts, parking areas, and insurance thereon for the benefit of all property owners within the community; it currently charges $138 per quarter in assessments to provide such maintenance; Appellees were provided a homeowners' association/community disclosure at the time they purchased their property and were on notice of the requirement to pay assessments, even paying assessments for a period of time; Appellees benefited from the common areas and the Association's maintenance without paying their share of common expenses; and such retention of the benefits conferred upon them by the Association make it inequitable for them to continue retaining such benefits without paying the value thereof.

Accordingly, the Association pled sufficient claims for declaratory relief and unjust enrichment against Appellees, and the trial court erred in dismissing the claims with prejudice. The trial court's order dismissing the complaint, discharging the lis pendens and denying the Association's motion for leave to amend is reversed and this matter is remanded for further proceedings.

REVERSED and REMANDED.

EDWARDS, C.J., and SOUD, J., concur.

7

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____